## LEONARD *v.* HONISFAGER ET AL.

[No. 6,651. Filed April 30, 1909.]

1. ADOPTION.—*Parent and Child.—Statutes.*—The subject of adoption is purely statutory. p. 609.

2. ADOPTION.—*Purpose.—Statutes.—Construction.*—The purpose of adoption statutes is to provide homes for unfortunate children, and such statutes should be liberally construed to effect such purpose. p. 609.

3. ADOPTION.—*Character of Proceedings.—Rights of Guardian.*—A proceeding for the adoption of children is *ex parte,* and the legal guardian is not a proper party thereto. p. 609.

4. APPEAL.—*Dismissal.*—*Parties.*—*Guardian and Ward.*—*Adoption.* —An appeal taken by the guardian of a child from a judgment of adoption will be dismissed, such guardian having no right of appeal. p. 610.

From Spencer Circuit Court; *Roscoe Kiper,* Judge.

Petition by Zack Honisfager and another to which John T. Leonard answered. From a judgment for petitioners, Leonard appeals. *Appeal dismissed.*

*Francis J. Reinhard, Archibald Stevenson, Elbert M. Swan* and *William C. Mason,* for appellant.
*Benjamin F. Huffman,* for appellee.

RABB, J.—The appellees filed in the court below their petition, in due form, for the adoption of a six-year-old child, by the name of Agnes Egnew. The petition sets forth the fact that the father and mother of the child are both dead; that the petitioners have cared for it since the death of its mother, which occurred when the child was a few months old; that the petitioners are amply able properly to care for and educate said child. Said petition in all respects conforms to the requirements of the statute on the subject. The appellant had, previously to the filing of the petition, been duly appointed guardian of the child, and, upon the filing of the petition, the court ordered notice given to him of the pendency of the same. He appeared, and on his petition the court permitted him to file an answer to appellee's petition. The matter was heard, and upon hearing the evidence the court made the proper order for the adoption by appellees of said child, and from this order appellant appeals.

It is insisted here that the order of the court in the premises is erroneous, for the reason that it was made without the consent and over the objection of the appellant, appellant's contention being that, before the court was authorized to make the order, the consent of the appellant, as guardian of the child, must have been given. It was shown that the

parents of the child were both dead, and that he, as its legal guardian, occupied their place, and was clothed with all their rights, duties and authority. Numerous decisions of courts of other states have been cited in support of appellant's contention.

The subject of the adoption of children is governed exclusively by statute, and the statutory provisions of the different states on the subject are so widely variant

1. that the decisions of courts of other states construing their statutes on the subject can afford little or no light on the proper construction to be given to ours. In fact, the provisions of our statute in reference to the adoption of children are so plain and simple that they admit of no construction. The court needs only to follow them as they are written.

The object or purpose of our statute relating to this matter is manifestly to give to unfortunate children, who have been bereft of home and parental care, the bene-

2. fits of a home and of such parental care, and the law should receive a liberal construction to effect this purpose.

Proceedings for the adoption of children are purely *ex parte* in character. The statute contemplates no adversary proceeding, and whether the order of adoption shall

3. be made upon the petition is a matter the statute exclusively vests in the discretion of the court. If the child have parents living, they alone can interpose objections to the order of adoption in a proper case. The court, in making the order, looks alone to the welfare of the child, and the law presumes that in making or refusing the order the court will act with wisdom, and be guided solely by this consideration. No one but the living parents can stand in the way of the power and authority of the court to do, in this matter, what its judgment and discretion shall dictate will be to the best interest of the child. The statu-

tory provisions on the subject give the legal guardian no right to interfere with this power of the court, and the courts will read no such right into the statute. While for many purposes, the legal guardian of the child does stand in the place of the parent, the statute does not require his consent to give validity to an order of adoption of his ward.

4. The action of the court in permitting appellant to appear and answer the petition is without warrant in law, and the order made by the court in this case is not a judgment from which appellant had a right to appeal.

The appeal is therefore dismissed at appellant's costs.