## JOHNSON ET AL. *v.* SMITH ET AL.

[No. 25,938.   Filed June 12, 1931.   Rehearing denied January 29, 1932.]

*L. C. Holland, Joseph H. Conroy* and *John A. Dunlap,* for appellants.

*Moses Leopold* and *John Crumpacker,* for appellees.

Myers, J.—Appellees, by their complaint filed in the court below on July 2, 1930, against appellants, sought, by a writ of *habeas corpus,* the possession and control of one Patricia Pearl Tripp, a minor child of the age of 18 months.

The pleadings in this case consisted of a complaint, plea in abatement, to which a demurrer for want of facts was sustained, a return, to which exceptions thereto were sustained. Each of these rulings of the court, together with the overruling of appellants' motion for a new trial, is separately assigned as error.

The complaint, in substance, alleged that the child was a resident of Jasper County; that both its parents departed this life in May, 1930; that the parents, prior to their death, and while confined in the hospital at Rensselaer for medical treatment, gave the care and custody of the child to appellants, residents of Porter County, until they could leave the hospital; that appellees, on June 2, 1930, at a special term of the Jasper Circuit Court, were adjudged the adopted parents of the child; that neither of appellants was its guardian, but, on demand, August R. Johnson refused to surrender the child to appellees and unlawfully restrained it of its liberty.

The gist of the plea in abatement was that of another action pending between these same parties, wherein it was made to appear that, on May 23, 1930, in a proceeding by appellants to adopt the child here in question, judgment of adoption was entered by the Porter Circuit Court, and thereafter, on June 12, 1930, appellees petitioned the Porter Circuit Court to be permitted, as *amici curiae,* to present facts to the court for the purpose of having the court vacate and set aside its order of adoption, which petition was, by the court, ordered filed and appellees authorized to appear as *amici curiae.* Notice was ordered served upon appellants, and June 30, 1930, was fixed for the hearing. Appellants appeared, pursu-

ant to notice, and filed a motion to strike out the *amici curiae* petition, assigning various reasons. This motion was overruled. Thereupon, the court, moved by the petition of the *amici curiae*, heard evidence and found that the child, Patricia Pearl Tripp, was not a resident of Porter County but was a resident of Jasper County at the time the adoption proceedings in the Porter Circuit Court were had; that the order of adoption should be vacated and set aside, and the petition for adoption by appellants denied. Judgment in accordance with the foregoing findings. From that order and judgment, an appeal was prosecuted to the Appellate Court of Indiana and was there pending at the time these proceedings in *habeas corpus* were instituted.

As we are at present advised, we are not at this time concerned with the action of the Porter Circuit Court in setting aside its order of adoption, although it must first have found that the best interests of the child justified the judgment of adoption. §915 Burns 1926, Acts 1883 p. 61.

A proceeding for the adoption of a child is statutory and *ex parte*. No adversary is contemplated other than the living parents who may interpose objections in a proper case. Such cases call upon the court to exercise its sound legal discretion for the best interests of the child. *Leonard* v. *Honisfager* (1909), 43 Ind. App. 607, 88 N. E. 91. The only element common to both a proceeding to adopt and one for possession of a child, as here, is its welfare, and the prosecution of either one to judgment will not bar the other.

To the writ of *habeas corpus* issued upon appellees' complaint, appellants filed a return in three paragraphs. The first paragraph was withdrawn and exceptions were sustained to the other two. The second paragraph proceeded upon the theory that the act of the parents, prior to their deaths May 12 and 16, in giving the pos-

session, care and custody of their only child, 17 months old, to appellants, residents of Porter County, Indiana, until called for by them, and in whose home it resided on May 23, 1930, was sufficient to vest the Porter Circuit Court with jurisdiction of the person and subject-matter of the proceedings whereby, on that date, it rendered judgment of adoption of the child by appellants; that thereafter, upon petition by appellees, the Porter Circuit Court vacated and set aside the judgment of adoption, from which an appeal was taken to the Appellate Court, and, upon a reversal of the court's last action, appellants will be entitled to a reinstatement of their judgment of adoption.

The third paragraph, in substance, states that the child, then an infant 17 months old, was the daughter of Earnest and Katherine Tripp, both of whom departed this life in Jasper County, Indiana, on May 12 and 16, respectively; that, during their life-time, on May 9, 1930, the child was, by its parents, placed in the home of these appellants in Porter County to be kept and cared for by them until they should call for her; that appellants are residents of Porter County, Indiana, and continuously since May 9 the child has resided with them and they have had its care and custody; that, on June 2, 1930, appellees, upon petition in the Jasper Circuit Court, obtained a judgment in their favor adopting the child by falsely and fraudulently representing to that court that the child resided in Jasper County, and that the judge, relying upon these false representations, was thereby induced to enter a judgment of adoption and that the order of adoption did not, by its terms, award the custody of the child to appellees or attempt to divest its custody from these appellants; that the Jasper Circuit Court did not have jurisdiction of the child and that its judgment was, therefore, null and void; that appellees rely solely upon the order of adoption in their favor as

their right to the possession and custody of the infant and not otherwise; that the last request of both parents was that, in case they never recovered from the illness with which they were then afflicted, these appellants should keep the child in their home, rear and educate her as their own; that, by reason of all the foregoing premises and circumstances, they deny unlawfully restraining the child of her liberty, but allege that they have the lawful possession of her and that appellees are not in a position to question their right of possession and custody. They bring the child into court and pray that it be remanded to them.

The return by appellants, as commanded by the writ of habeas corpus, was effective to place the child in the custody of the court subject to its disposition with unlimited power as to custody. As said in *Bullock* v. *Robertson* (1902), 160 Ind. 521, 523, 65 N. E. 5: "The power of the court, under such circumstances, to award its custody to either parent or to a third party in said proceeding, as its welfare and best interests required, was full and complete, and did not depend on the technical sufficiency of the returns; nor was such power limited or controlled by the allegations thereof." *Mesmer* v. *Egland* (1926), 197 Ind. 700, 702, 151 N. E. 826, and cases there cited.

The paramount question in all controversies affecting the custody of an infant, whether between parents, or parents and third persons, or third persons as here, is the welfare and best interests of the child. *Addington* v. *Retter* (1922), 192 Ind. 268, 134 N. E. 888; *Schleuter* v. *Canatsy* (1897), 148 Ind. 384, 47 N. E. 825, and cases cited; *McDonald* v. *Short, Supt.* (1921), 190 Ind. 338, 130 N. E. 536; *In re Hickey* (1911), 85 Kans. 556, 118 Pac. 56, 41 L. R. A. (N. S.) 564; *Smidt* v. *Benenga* (1908), 140 Iowa 399, 118 N. W. 439; *Gauthier* v. *Walter* (1910), 110 Minn. 103, 124 N.

W. 634; *People, ex rel.*, v. *Gerow* (1910), 136 App. Div. 824, 121 N. Y. Supp. 652; *In re Gould* (1913), 174 Mich. 663, 140 N. W. 1013; *Wilson* v. *Mitchell* (1910), 48 Colo. 454, 111 Pac. 21, 30 L. R. A. (N. S.) 507; *Ball* v. *Smith* (1913), 156 S. W. (Tex. Civ. App.) 576.

The only evidence introduced at the trial of this case was a certified copy of a petition for adoption filed by appellees in the Jasper Circuit Court, a certified copy of the order of adoption entered by that court in favor of appellees, and the testimony of appellee Hamlin H. Smith concerning his demand on appellants for the custody of the child. The position of the parties to this appeal, as we are apprised by the record, follows: Appellants are relying on lawful possession and custody of the child from its parents, and failure of appellees to make an additional showing of fitness; while appellees rest their claim of preference on being the child's adoptive parents.

The sustaining of the exceptions to the return did not preclude appellants from a full hearing as to what they had to offer in the way of their standing as citizens of the community, home comforts, ability to bestow care and attention, maintenance and education which includes proximity of schools, and any other fact tending to show advantages which the child would receive if remanded to their custody. Moreover, the general character, home life, home surroundings of appellees, and their ability to furnish advantages consistent with the best interest of the infant, was a subject of inquiry in order that the court might act intelligently in determining the issue—welfare of the child.

The fact that appellees were the adoptive parents of the child should have some weight with the court in a case like this where there is no evidence to rebut the presumption that the court, in granting the order of adoption, was convinced that such order

would be for the welfare of the child. The trial court, in a case like this involving the custody of a minor of tender age, is not limited in its investigation to the showing the parties may choose to make. It may, on its own motion, make such further investigation as the necessity of the case may warrant. This court reviews the record of the trial court with the presumption that it is free from harmful error to the losing party. We must assume that the court, in the instant case, in giving the custody of the child to appellees, exercised its discretion, the abuse of which is not disclosed by the showing made on appeal.

Judgment affirmed.