ATTKISSON *v.* USREY ET AL.

[No. 28,165. Filed March 15, 1946.]

*Pigg & Tennis,* and *Bedwell, Bedwell & Haines,* all of Sullivan, for appellant.

*Jones, Obenchain & Butler,* of South Bend, for appellees.

STARR, J.—The appellees filed this action in the St. Joseph Juvenile Court for the adoption of Lola Marie Petty, a minor, female child, of eight years of age. The appellant, who is the mother of said minor, after due notice appeared and defended this action. From a judgment in favor of the appellees this appeal is prosecuted.

During the pendency of this cause the St. Joseph Probate Court was created, Acts of 1945, ch. 333, and this cause was then transferred from the St. Joseph Circuit Court sitting as a juvenile court, to the St. Joseph Probate Court, wherein said cause proceeded to final judgment.

Appellees contend that this appeal is governed by the statute which provides for appeals from juvenile courts being § 9-2858, Burns' 1942 Replacement and that said appeal not having been perfected within the time provided by said section the same should be dismissed. It must be noted, however, that after this case was begun and prior to the judgment entered therein, said last mentioned statute was repealed as to junvenile cases by § 21 of ch. 356 of the Acts of 1945 which reads as follows: "An appeal may be taken in juvenile cases from

any final order or judgment of the juvenile court in the manner provided by law for appeals in criminal cases from circuit or criminal courts."

At the time this action was started, exclusive jurisdiction of adoption matters was vested in the juvenile court except in counties where there was a separate probate court. § 9-2833, Burns' 1942 Replacement. The adoption statute of the State of Indiana specifically provides, "In any county of this state where there is now or may hereafter be established a separate probate court, such court shall have exclusive jurisdiction in all adoption matters." § 3-115, Burns' 1943 (Supp.).

Section 11 of ch. 333 Acts of Indiana General Assembly 1945, which created the St. Joseph Probate Court, among other things, provides that this court shall have exclusive original jurisdiction in all cases that now or may hereafter be conferred on juvenile courts of this state.

Section 22 of said ch. 333 of the Acts of 1945 provides, "Any party may appeal to the supreme court or appellate court from the order or judgment of such court in any case where by existing or future laws of this state, and appeal may be had from an order or judgment of the circuit court; the appeal shall be regulated by the law regulating appeals from the circuit court to the appellate and supreme courts, so far as applicable. An appeal may also be taken to the appellate and supreme courts in the same manner and in like cases as from circuit courts, or the judge thereof."

The last sentence of the above quoted § 22 in speaking of "like cases" could only refer to cases in which the circuit court had jurisdiction and could not refer to adoption cases as the circuit court did not have jurisdiction in adoption matters at the time that this act was passed. Such court in try-

ing an adoption case is a juvenile court. *Tyler* v. *State* (1945), 223 Ind. 519, 62 N. E. (2d) 626. There having been a final judgment herein, this appeal is made in the same manner as appeals are perfected from final judgments under the Civil Code and the rules of this court. When this cause was transferred to the probate court, it was entirely divorced from the juvenile court and was not subject to any of the provisions of the Juvenile Court Act including provisions therein, if any, for a special appeal. We hold therefore, that this appeal was properly taken.

Our statute concerning the adoption of heirs, § 3-101, et seq., Burns' 1933 (Supp.), contains a section which provides that upon the filing of a petition for adoption, one copy of the same shall be forwarded to the state department of public welfare and one copy to a qualified agency as defined in § 3-117 of said act; and that not more than 60 days from the date of such reference of said petition such agency shall submit to the court a written report of its investigation and its recommendation as to the advisability of such adoption. This report and recommendation are filed with the adoption proceedings and became a part thereof. It is also provided this report shall, so far as possible, include but not be limited to the former environment and antecedents of such child, and the fitness of such child for adoption and the suitability of the proposed home for such child. It is further provided, that the report shall be summarily considered by the court and that the report and recommendation of said welfare board shall not be binding on the court but shall be advisory only. § 3-118, Burns' 1933 (Supp.).

Section 3-119 of said act, among other things, provides that the report or reports of such investigation shall be deemed of a confidential nature, and that all

files and all records of the court pertaining to such proceedings shall be in the custody of the clerk of the court and shall not be open for inspection except upon order of the court for good cause shown; that all the files and records of the county and state departments of public welfare or of any such authorized agency pertaining to the investigation of any such department or agency concerning such child, shall be open to the inspection of the court hearing such adoption petition, and on order of such court shall be read in evidence and made a part of the record in such adoption proceedings.

The record discloses that on April 4, 1945, such a report as above contemplated, was filed in this proceedings by the department of public welfare along with the recommendation of said department, and that on the 11th day of June, 1945, and again on the 12th day of June, 1945, and immediately prior to the beginning of the hearing of this cause, the appellant moved and requested the court that she be allowed to inspect and read the same together with the recommendation therein contained, and that the court overruled each of said appellant's motions and requests and refused to allow the said appellant to inspect and read said report and recommendation; upon this action of the court the appellant has assigned error.

In considering that portion of our adoption statute which provides for the preparation and submission of such report and recommendation for the use of the court in arriving at its decision, and that the same may be read in evidence on order of the court, it must be born in mind that adoption proceedings are in the great majority of cases *ex parte. Leonard* v. *Honisfager* (1909), 43 Ind. App. 607, 88 N. E. 91; *Johnson* v. *Smith* (1931), 203 Ind. 214, 176 N. E. 705. Such proceedings only becomes adversary where, as in

this case, the parents refuse to consent and contest the same. *Glansmen* v. *Ledbetter* (1921), 190 Ind. 505, 130 N. E. 230; *Leonard* v. *Honisfager, supra; Johnson* v. *Smith, supra.* In our opinion, these provisions now under consideration, are meant to apply only to *ex parte* proceedings. To interpret this statute as allowing said report and recommendation, over objection, to be used as evidence in a contested case, under the guise of being an official report authorized by statute to be used as evidence, would result in an unfair trial. The report contemplated by this statute might well include "gossip, bias, prejudice, trends of hostile neighborhood feelings, the hopes and fears of social workers," as well as hearsay and opinion. The above quoted words are from *People* v. *Lewis* (1932), 260 N. Y. 171, 183 N. E. 353.

The appellant was entitled to a *fair* opportunity to establish her right to the custody of the child and to defend this action, which could not be taken from her by the legislature in attempting to prescribe rules of evidence. See *Green* v. *State* (1933), 204 Ind. 349, 184 N. E. 183. The opportunity to defend must not be merely colorable or illusory. The trial must be a fair one before an impartial tribunal. Any procedure which fails to extend fundamental and established right fails of due process. 16 C. J. S. § 569 p. 1153.

It was error to refuse appellant an inspection of this report and recommendation. This refusal denied the appellant a fair opportunity to be heard and present her defense before the issues were decided.

Although the same were not admissable in evidence, the recommendation and report were available to the court and were part of the proceedings in this cause. It matters not whether they were favorable or

unfavorable to appellant's contentions, she was entitled to inspect the same and the refusal of such right was contrary to all notions of fairness and justice and was a denial to her of a fair trial and due process of law.

Other questions have been raised by the appellant and since the same questions are liable to recur on another trial of this cause, we deem it advisable to say, for the guidance of the parties and the court below, that in our opinion they are without merit.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Note.—Reported in 65 N. E. (2d) 489.