IN RE ADOPTION OF CHANEY, DEVLIN ET AL. *v.* CHANEY ET AL.

[No. 19,085. Filed May 29, 1958. Rehearing denied June 25, 1958.]

604

*Edwin McClure* and *Albert W. Ewbank,* both of Indianapolis, for appellants.

*L. Russell Newgent* and *Judson H. West,* both of Indianapolis, for appellees.

CRUMPACKER, J.—This is an appeal from a judgment of the Marion Probate Court denying the appellants the right to adopt one Bobbie Gale Chaney, a white female child born August 12, 1956, and returning her to the care, custody and control of the appellees, her natural parents.

The appellants' petition and notice, whereby these proceedings were instituted, predicated their right to adopt said infant child solely upon the verified written consent of the appellees. Thereafter the appellees appeared to said petition and filed an answer thereto together with a cross-petition seeking a judgment restoring said child to their custody and control. Both of these pleadings allege that at the time the appellees signed the purported consent to adoption, upon which the appellants rely, the appellee Betty Jean Chaney, the natural mother of the child sought to be adopted, was a minor and that said purported consent was not accompanied by the written approval of any licensed child placing agency or of the State Department of Public Welfare. The cross-petition sought affirmative relief in that it asked for the custody for the child *pendente lite* and, upon final hearing, the permanent care, custody and control thereof and all other proper relief. The appellants moved to strike out said answer and cross-petition upon the assertion that adoption proceedings are essentially *ex parte* and, while they may become adversary upon the filing of objections by the natural parents of the child involved, such procedure does not impart to the case the civil nature necessary to justify the formation of issues in the manner characteristic of civil actions. In support of this proposition we are referred to *Leonard* v. *Honisfager* (1909), 43 Ind. App. 607, 88 N. E. 91; *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 130 N. E. 230. It is true that adoption proceedings, in the great majority of cases are *ex parte,* but when they become adversary by the appearance of the natural parents for the purpose of contesting an adoption order, we have found no case, including those upon which the appellants rely, which holds that pleadings, as contemplated by the rules of civil procedure, are out of

order. The Supreme Court said concerning the rights of natural parents in adoption proceedings: "The opportunity to defend must not be merely colorable or illusory. The trial must be a fair one before an impartial tribunal. Any procedure which fails to extend fundamental and established rights fails of due process." *Attkisson* v. *Usrey* (1946), 224 Ind. 155, 65 N. E. 2d 489. Surely the joinder of issues by proper pleadings is conducive to the disposition of a controversy by due process, and we see no valid reason to rule them out simply because the statute that prescribes adoption procedure fails to specifically provide for them. Although not called upon to rule upon the propriety of the practice, both this court and the Supreme Court have recognized affirmative pleadings on the part of the natural parents in adoption cases. See *Bryant et al.* v. *Owens* (1953), 232 Ind. 237, 111 N. E. 2d 804; *In the Matter of Adoption of Force, etc.* (1956), 126 Ind. App. 156, 131 N. E. 2d 157. The court committed no error in refusing to strike appellees' answer and cross-petition from the files.

There was a trial on the issues above indicated as the result of which the court found against the appellants on their petition to adopt and for the appellees on their cross-petition. The judgment is as follows:

"It is Therefore Considered, Adjudged and Decreed by the Court that the petitioners' petition for the adoption of the minor child of Cecil E. Chaney and Betty Jean Chaney, referred to in said petition for adoption as "Infant Chaney" to be and the same is hereby denied.

"It is further Adjudged, Considered, Ordered and Decreed by the Court, that the defendants, Cecil E. Chaney and Betty Jean Chaney, the natural parents of said child, be and they hereby are entitled to the custody and control of their said child."

During the trial the appellants sought to introduce

in evidence the written report of the Marion County Department of Public Welfare made in compliance with our adoption statute. The offer of said document in evidence was refused by the court and the appellants charge that this was error. In considering that portion of our adoption statute which provides for the preparation and submission of such report for the use of the court in arriving at its decision and that the same may be read in evidence on order of the court, the Supreme Court, in *Attkisson* v. *Usrey, supra,* had this to say:

> "In our opinion, these provisions now under consideration, are meant to apply only to *ex parte* proceedings. To interpret this statute as allowing said report and recommendation, over objection, to be used as evidence in a contested case, under the guise of being an official report authorized by statute to be used as evidence, would result in an unfair trial. The report contemplated by this statute might well include 'gossip, bias, prejudice, trends of hostile neighborhood feelings, the hopes and fears of social worker,' as well as hearsay and opinion. The above quoted words are from *People* v. *Lewis* (1932), 260 N. Y. 171, 183 N. E. 353."

Thus it appears that the proffered report was properly excluded.

It is next contended that the decision of the court on the appellees' cross-petition is not sustained by sufficient evidence and is contrary to law. It should be noted at this point that neither the pleadings nor the evidence puts in issue the fitness of the appellants to have the custody and control of the child involved in this litigation. Nor does the case seem to have turned upon the question of which home would serve the best interests of said child. The appellants predicate their right to adopt wholly upon the appellees' verified consent thereto. Their fitness to adopt and the

suitability of their home is not questioned. The appellees, on the other hand, rest their case on the admitted facts that they are the natural parents of the child and that when they signed the consent, upon which the appellants rely, Betty Jean Chaney, the mother of said child, was a minor and that said consent was not accompanied by the written approval of any licensed child-placing agency or of the State Department of Public Welfare.

The solution of this question rests upon the construction placed upon §3-120, Burns' 1946 Replacement, the pertinent parts of which read as follows:

"The minority of any parent shall not in or of itself be a bar to such consent: Provided, however, That if either parent be a minor, consent of such parent must be accompanied by the written approval of the investigating agency aforesaid if any there be and if none, of the state department of public welfare."

Further on in the same section of the Act we find the following:

"In all cases where consent of the parent or parents is required such consent shall be signed in the presence of a duly authorized agent of the state department of public welfare or of such approved investigating agency and so attested by such agent; or by notary public."

The appellants contend that these two provisions of §3-120, *supra,* are in hopeless conflict and that the last in order of arrangement controls. Therefore, they contend the parental consent upon which they rely, admittedly having been attested by a notary public, meets the requirements of the law and, there being no other issue in the case, the decision for the appellees on their cross-petition is contrary to law.

There might be merit in this contention if the two

quoted provisions of the statute were in conflict, but we see none. The first provision requires that the written consent of the natural parents, if one of them be a minor, shall be accompanied by the approval of the investigating agency to which the matter is referred or of the State Department of Public Welfare. The second quoted provision refers solely to the consent and requires that it be attested by a representative of such agency or by a notary public. But even though these two provisions of the statute were in conflict, we have in mind our duty to reconcile them if possible and thus give effect to all of the statute's provisions. *Quick and Another* v. *White-Water Township* (1856), 7 Ind. 570; *Cox* v. *Timm* (1914), 182 Ind. 7, 105 N. E. 479. When we do that it seems clear that where the right to adopt is predicated solely upon the written consent of the natural parents, one of whom is a minor, such consent must (1) be signed in the presence of and attested by a notary public or by a representative of the agency to which the petition has been referred for investigation; (2) be accompanied by the written approval of said agency of the State Department of Public Welfare. So construed, all parts of the statute can be given force and effect and obviously the consent here in controversy is ineffective as it was not accompanied by written approval of either of the agencies designated by the statute.

The appellants urge upon us a holding to the effect that a married woman, a minor in years, living with her husband who is of lawful age and who joins with her in executing a written consent to the adoption by others of their infant child cannot defend against an adoption proceeding based on such consent even though it was not approved by the agency to which the matter was referred for investigation or by the State Depart-

ment of Public Welfare. They justify this contention on the theory that consent of parents to the adoption of a child is in the nature of a contract between the natural and adopting parents and since the enactment of Chapter 63, Acts of 1923, being §38-101, *et seq.*, Burns' 1949 Replacement, all the legal disabilities of married women to make contracts have been abolished. Therefore, they say, the requirement that a mother under 21 years of age must secure the approval of her consent to adoption, as provided by §3-120, *supra*, is a limitation on her right to contract and consequently invalid.

This argument we think is disposed of by *Shipley* v. *Smith* (1904), 162 Ind. 526, 70 N. E. 803, wherein it is held that infant married women are under disabilities the same as if the disability of coverture had not been removed by statute. Thus we are compelled to conclude that if consent to the adoption of a child is a contract, as the appellees contend, the right of an infant married woman to make such a contract is predicated on the approval of the agency to which it is referred for investigation or of the State Department of Public Welfare and such limitation on her right to contract, being predicated on infancy and not on coverture, has not been removed by statute.

Finally the appellants charge the court erred in sustaining the appellees' petition for immediate custody of the infant child here involved and in overruling the appellants' motion to strike the same from the files. These motions were made immediately following the overruling of the appellants' motion for a new trial and, while pending undisposed of, all parties agreed to an order, which the court entered, whereby said child was placed in the custody of the Marion County Department of Public Welfare

pending this appeal. We see nothing in this situation upon which error can be predicated.

Adoption proceedings in Indiana are purely statutory. *Johnson* v. *Smith* (1932), 203 Ind. 214, 176 N. E. 705. Accordingly our statutes governing adoption are in derogation of the common law and must be strictly construed as to all procedural requirements and strictly followed in all essential particulars. *Glansman* v. *Ledbetter, supra; In the Matter of Adoption of Force, etc., supra; Emmons* v. *Dinelli* (1956), 235 Ind. 249, 133 N. E. 2d 56. Procuring the approval of the agency to which the matter had been referred for investigation or, if none, of the State Department of Pubic Welfare to the parental consent here involved, was a procedural requirement which the appellants failed to follow and the judgment must therefore be affirmed.

NOTE.—Reported in 150 N. E. 2d 754.