284 N.E.2d 99 (1972)
In the matter of the ADOPTION OF Keith JERALDS.
Jack Jeralds, Appellant (Respondent below),
v.
Richard Thomas Matusz, Appellee (Petitioner below).
No. 172A45.
Court of Appeals of Indiana, Third District.
June 22, 1972.
Rehearing Denied August 15, 1972.
Lowell E. Enslen and Herbert E. Boase, McHie, Enslen & Moran, Hammond, John W. Barce, Elwood, Barce & Vann, Fowler, for appellant.
William J. Muha and Charles L. Zandstra, Zandstra, Zandstra & Muha, Highland, for appellee.
STATON, Judge.
STATEMENT ON THE APPEAL: Jack Jeralds is taking this appeal from a judgment which granted the adoption of his son to Richard Thomas Matusz, the husband *100 of his former wife. His Motion to Correct Errors raises two questions:
(1) That the trial court's determination that he had relinquished his right to give consent to the adoption of Keith Jeralds by Richard Matusz was contrary to law.
(2) That the use by the trial court of the Welfare Department report in a contested adoption was error.
We will discuss only the second question above which deals with the Welfare Department report. Our opinion reverses the judgment of the trial court for considering the Welfare Department report in a contested adoption.
STATEMENT OF FACTS: Marcia Jeralds and Jack Jeralds were granted an absolute divorce on June 30, 1967. Jack Jeralds was ordered to pay support in the sum of Twenty Five Dollars ($25.00) per week for his five year old son, Keith Jeralds. He continued to make the support payments until April, 1968. Thereafter, he sent United States Savings Bonds payable to Jack or Keith Jeralds. No money or bonds for support were paid by Jack Jeralds to Marcia Jeralds for the support of their minor son between May 29, 1969 and May 29, 1970. Jack Jeralds contends that there was an agreement on the suspension of support payments between he and his former wife. The details of this agreement and the testimony pertaining thereto are not necessary to this decision. Marcia Jeralds remarried on June 29, 1969. Her husband, Richard Matusz filed a petition for the adoption of Keith Jeralds on May 29, 1970. A hearing on the petition was held on November 6, 1970 and the trial court rendered a judgment granting the adoption on January 7, 1971 which is as follows:
"Comes now the petitioner, Richard Thomas Matusz, by his attorneys, and shows the filing of his petition for the adoption of Keith Jeralds, a minor, white, male child, born January 28, 1965, in the City of Hammond, Lake County, Indiana, as his child and heir at law, which petition is in the following words and figures, to-wit: (Here Insert).
"Petitioner further shows the filing of the written consent of Marcia Jean Matusz, the natural mother of said child, to said adoption, which written consent is in the following words and figures, to-wit: (Here Insert).
"Comes now the natural father, Jack Jeralds, by his attorneys, and files written objections to said adoption, which written objections are in the following words and figures, to-wit: (Here Insert).
"This cause, having been set for trial on the 6th day of November, 1970, the petitioner appearing in person and by his attorneys and the objector appearing in person and by his attorneys, is now submitted to the Court for trial without the intervention of a jury, and the Court, after hearing the evidence and being duly advised by the arguments of counsel and after considering the briefs and citations of law filed by the respective parties, NOW FINDS for the petitioner on his petition and against the objector on his objections.
"The Court further finds that the objector, Jack Jeralds, has failed to provide for the care and support of said child and has not seen said child for more than one year prior to the filing of the petition for adoption and that said objector has relinquished all of his parental rights to said child and that his consent to its adoption is not required.
"The Court further finds that the Department of Public Welfare has made an investigation and has filed a report, as by law provided, recommending that such adoption be made.
"And the Court finally finds that in the best interest of said child, he should be adopted by the petitioner as prayed for in said petition.

*101 "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that said child be and he is hereby adopted as the child and heir at law of said petitioner; that from and after this date, said child be known by the name of Keith Edward Matusz; and that he have and receive by descent or otherwise all rights and interest in the estate of the petitioner that he would be entitled to as his natural heir.
"It is further ordered that the petitioner pay the costs of this proceeding."
Jack Jeralds filed his Motion to Correct Errors on February 23, 1971 which was overruled by the trial court on October 30, 1971. This appeal was distributed to District 3 on May 11, 1972. Oral argument was requested and completed on June 8, 1972.
Both the attorneys for the Appellant and the attorneys for the Appellee have prepared excellent briefs on their appeal in this cause and are congratulated by this Court for their professional excellence.
CONTENTION OF ERROR: Jack Jeralds urges that the trial court committed error by considering the welfare report. He has stated his contention at page 110 of his Brief as follows:
"The contention of error is the reliance of the trial court on the report as the same is reflected in the Order Granting the Adoption, to-wit:
`The Court further finds that the Department of Public Welfare has made an investigation and has filed a report, as by law provided, recommending that such adoption be made.'
"It is clear from the finding above quoted that the trial court did more than merely file the study report. The trial court used the report as evidence in a part of the determination of the issues. The maker of the report was not introduced as a witness. The report was not introduced as evidence. Jack Jeralds was given no opportunity to cross-examine either the maker of the report or to rebut items or inferences of the report. No opportunity was given Jack Jeralds to object to the use of the report as there could be no expectation that the court would use the report until the order and decree of the court was propounded."
We agree with this contention of error. The welfare report does not expressly recommend the adoption. It does urge "... that the court seriously consider the strengths and weaknesses of the Matusz situation before rendering its decision in the interests of the future financial, as well as the physical and emotional well-being of Keith Jeralds." This report was never admitted into evidence.
STATEMENT ON THE LAW: Where an adoption proceeding is contested by a natural parent, welfare reports should not be considered by the trial court as part of the evidence upon rendering its judgment. Our Supreme Court stated in Attkisson v. Usrey (1946), 224 Ind. 155, 65 N.E.2d 489:
"In considering that portion of our adoption statute which provides for the preparation and submission of such report and recommendation for the use of the court in arriving at its decision, and that the same may be read in evidence on order of the court, it must be borne in mind that adoption proceedings are in the great majority of cases ex parte. Leonard v. Honisfager, 1909, 43 Ind. App. 607, 88 N.E. 91; Johnson v. Smith, 1931, 203 Ind. 214, 176 N.E. 705. Such proceedings only becomes adversary where, as in this case, the parents refuse to consent and contest the same. Glansmen v. Ledbetter, 1921, 190 Ind. 505, 130 N.E. 230; Leonard v. Honisfager, supra; Johnson v. Smith, supra. In our opinion, these provisions now under consideration are meant to apply only to ex parte proceedings. To interpret this statute as allowing said report and recommendation, over objection, to be used as evidence in a contested case, under the guise of being *102 an official report authorized by statute to be used as evidence, would result in an unfair trial. The report contemplated by this statute might well include `gossip, bias, prejudice, trends of hostile neighborhood feelings, the hopes and fears of social workers,' as well as hearsay and opinion. The above-quoted words are from People v. Lewis, 1932, 260 N.Y. 171, 183 N.E. 353, 355, 86 A.L.R. 1001." 224 Ind. at 160, 65 N.E.2d at 491.
In People v. Lewis, supra, as cited by our Supreme Court above, the court stated:
"The customary rules of evidence shown by long experience as essential to getting at the truth with reasonable certainty in civil trials must be adhered to. The finding of fact must rest on the preponderance of evidence adduced under those rules. Hearsay, opinion, gossip, bias, prejudice, trends of hostile neighborhood feelings, the hopes and fears of social workers, are all sources of error and have no more place in Children's Courts than in any other court." 183 N.E. at 355.
This Court has spoken upon this question In Matter of Adoption of Force (1956), 126 Ind. App. 156, 167, 131 N.E.2d 157, 161. Judge John Kendall stated in his concurring opinion:
"... I do not believe that this court can overlook the fact that the party opposing the adoption did not have the opportunity to cross-examine the member of the Welfare Department submitting the report to the court which was examined by the court as to the items therein concerned upon which the Welfare Department based their recommendations. Under these circumstances, I do not believe it proper for the trial court to bolster the decision by an instrument which is foreign to the evidence of the cause.
"It may well be that a report made by the Welfare Department in the course of their duties might include statements and other evidence which would not be properly admitted as evidence in the trial of the cause, thus resulting in an unfair trial."
Again In Re Adoption of Chaney v. Chaney (1958), 128 Ind. App. 603, 608, 150 N.E.2d 754, this Court held in a majority opinion written by Judge Crumpacker that the offer of a welfare report in evidence was properly excluded by the trial court and followed as its authority Attkisson v. Usrey, supra.
The judgment of the trial court should be and the same hereby is reversed with instructions to grant the Appellant, Jack Jeralds, a new trial.
HOFFMAN, C.J., and SHARP, J., concur.