IN THE MATTER OF THE ADOPTION OF: MICHELE RENEE SIGMAN AND DAWN DANIELLE SIGMAN, CLAUD SIGMAN *v.* JAMES REUBEN DOHNER AND JACQUELINE JEAN DOHNER.

[No. 3-273A18. Filed March 27, 1974.]

*Stephen P. Rothberg,* of Fort Wayne, for appellant.

*Max E. Hobbs,* of Fort Wayne, for appellees.

HOFFMAN, C.J.—Claud Sigman (Sigman), the natural father of Michelle Renee Sigman and Dawn Danielle Sigman (the children), is appealing from a judgment of the trial court granting the adoption of the children to their natural mother, Jacqueline Jean Dohner, and her husband James (the Dohners). Sigman contested the Dohners' petition for adoption at trial. Appellant's motion to correct errors, timely filed, was overruled and this appeal followed.

Pursuant to IC 1971, 31-3-1-4 (Burns Code Ed.), a report was filed with the trial court by the Department of Public Welfare of Allen County, Indiana, which contained the Department's recommendation as to the advisability of the adoption. Prior to the filing of such report, Sigman filed a "Petition for Discovery", requesting specifically the report submitted by the Allen County Department of Public Welfare. Such petition was never granted.

In *Attkisson* v. *Usrey* (1946), 224 Ind. 155, 65 N.E.2d 489, our Supreme Court considered the effect of a denial of access to such reports in contested adoption proceedings. Therein, as in the case at bar, the appellant contended that the trial court erred in refusing such access. Our Supreme Court agreed and at 161-162 of 224 Ind., at 491 of 65 N.E.2d, stated:

> "It was error to refuse appellant an inspection of this report and recommendation. This refusal denied the appellant a fair opportunity to be heard and present her defense before the issues were decided. Although the same were not admissible in evidence [over objection], the recommendation and report were available to the court and were part of the proceedings in this cause. It matters not whether they were favorable or unfavorable to appellant's contentions, she was entitled to inspect the same and the refusal of such right was contrary to all notions of fairness and justice and was a denial to her of a fair trial and due process of law."

Discovery and inspection of such reports should be granted as a matter of course in contested adoption proceedings to permit the parties to benefit from the information contained therein. In the case at bar, Sigman might have been permitted to introduce additional evidence based on information contained in the report after the report was filed with the court. Or, he might have sought the introduction in evidence of the report itself, if the Dohners had no objection. The failure of the trial court to grant the petition was error.

In referring to the report in its findings, the trial court stated:

"[The] Department of Public Welfare of Allen County, Indiana, has filed a written report together with its recommendation as to the advisability of such adoption."

It is unclear from this language whether or not the trial court considered the contents of the report as evidence in the case.

Such reports must be both filed in, and considered by, the trial court in an *ex parte* adoption proceeding. See: IC 1971, 31-3-1-4 *supra*. Although they must be filed in a contested adoption proceeding, they may not be considered by the trial court in reaching its decision. *Attkisson* v. *Usrey, supra* (1946), 224 Ind. 155, 65 N.E.2d 489; *In Re Adoption of Jeralds* (1972), 152 Ind. App. 538, 284 N.E.2d 99, 31 Ind. Dec. 490 (transfer denied). Ambiguities as to whether such reports have been considered by trial courts would be eliminated, and judicial energies greatly conserved, if the findings in adoption cases stated clearly that the report was, or was not, considered by the trial court in reaching its decision.

It need not be decided in the instant case whether there was improper consideration of the report of the Department of Public Welfare inasmuch as reversible error has been shown upon other grounds.

The judgment of the trial court is reversed and this cause remanded for further proceedings.

Judgment reversed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 308 N.E.2d 716.