IN THE MATTER OF THE ADOPTION OF DANNY JOE SHEEKS, A MINOR, FRED SHEEKS AND DONNA SUE KINDRED SHEEKS *v.* CONRAD ALVARADO AND DEBRA ALVARADO.

[No. 1-1075A174. Filed March 30, 1976.]

Robert L. *Sheaffer, Sheaffer & Yeager*, of Shelbyville, for appellants.

LOWDERMILK, J.—Respondents-appellants (Sheeks) had duly adopted Danny Joe Sheeks and petitioners-appellees (Alvarados), natural parents of Danny Joe, brought this action to set aside adoption and for custody. From a decree setting the adoption aside and returning the child to his natural parents Sheeks appeal.

## ISSUES:

The issue on which we will be required to write is whether the trial court committed reversible error in ordering the Department of Public Welfare of Tippecanoe County, Indiana, to make an investigation into the Alvarado home and to make their report to the court, and whether the trial court erred in giving due consideration in its findings and decree to said report as well as to a report by the Department of Public Welfare of Morgan County, Indiana.

## FINDINGS AND DECREE SETTING ADOPTION ASIDE:

The trial judge entered his findings and judgment setting aside the adoption and returned the child to appellees. A part of the findings is as follows, to-wit:

"That reports as ordered by the Court have been filed by the Tippecanoe County Department of Public Welfare and the Morgan County Department of Public Welfare,

*which reports have been examined by the Court and given due consideration in the findings which follow:*

\* \* \*" (Our emphasis.)

## DISCUSSION:

Appellants contend that the court committed reversible error in ordering the Welfare reports and in examining and taking such reports into consideration in its finding and decree.

Appellees have not seen fit to file a brief in this court. Thus, appellants need only demonstrate prima facie error in order to win reversal. *Estate of Parrish* v. *Mortor* (1973), 155 Ind. App. 367, 293 N.E.2d 62, 65. See also, *Michels* v. *Young Metal Products Co.* (1971), 148 Ind. App. 502, 267 N.E.2d 572, 574.

"In the absence of an appellee's brief the statements as to the facts contained in appellant's brief will be treated as accurate and sufficient for a full understanding of the questions presented for decision. . . ." *Fortson* v. *Iden* (1966), 138 Ind. App. 432, 433, 214 N.E.2d 399.

Appellants rely on the case of *In Re Adoption of Jeralds* (1972), 152 Ind. App. 538, 284 N.E.2d 99 for their authority that the court committed reversible error in considering the Welfare reports without appellants having been afforded the right to cross examine the maker of the reports or to rebut items or inferences of the reports or to have an opportunity to object to the use of the reports. *Jeralds* specifically held that in a contested adoption case, the things appellants complain of in the case at bar constitute reversible error.

This court in *Jeralds* said:

"STATEMENT ON THE LAW: *Where an adoption proceeding is contested by a natural parent, welfare reports should not be considered by the trial court as part of the evidence upon rendering its judgment.* Our Supreme Court stated in *Attkisson* v. *Usrey* (1946), 224 Ind. 155, 65 N.E.2d 489:

'In considering that portion of our adoption statute which provides for the preparation and submission of such

report and recommendation for the use of the court in arriving at its decision, and that the same may be read in evidence on order of the court, it must be borne in mind that adoption proceedings are in the great majority of cases *ex parte*. *Leonard* v. *Honisfager*, 1909, 43 Ind. App. 607, 88 N.E. 91; *Johnson* v. *Smith*, 1931, 203 Ind. 214, 176 N.E. 705. Such proceedings only become adversary where, as in this case, the parents refuse to consent and contest the same. *Glansmen* v. *Ledbetter*, 1921, 190 Ind. 505, 130 N.E. 230; *Leonard* v. *Honisfager, supra; Johnson* v. *Smith, supra*. In our opinion, these provisions now under consideration are meant to apply only to *ex parte* proceedings. To interpret this statute as allowing said report and recommendation, over objection, to be used as evidence in a contested case, under the guise of being an official report authorized by statute to be used as evidence, would result in an unfair trial. The report contemplated by this statute might well include "gossip, bias, prejudice, trends of hostile neighborhood feelings, the hopes and fears of social workers," as well as hearsay and opinion. . . .' " (Our emphasis.) 284 N.E.2d 101, 102.

This court further enunciated the same rule in the case of *Adoption of Sigman* v. *Dohner* (1974), 159 Ind. App. 618, 308 N.E.2d 716, 717.

We take cognizance of the fact that the above cited cases involved adoptions which were contested by the natural parents. However, we have determined that the rule requiring the introduction into evidence of a Welfare report shall similarly apply in cases wherein the adoption proceedings are contested by adoptive parents.

This rule requiring the introduction of a Welfare report into evidence in order that the person preparing the same may be cross examined thereon is for the trial court to have full and complete knowledge of all the facts in contested cases, either for adoption or to nullify an adoption.

It is not necessary that we write on other specifications of error after it has been determined that the trial court

committed reversible error on one point. *McGinnis v. P.S. Co. of Ind., Inc.* (1974), 161 Ind. App. 1, 313 N.E.2d 708, 711. See also *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N.E.2d 127, 131.

We are constrained to hold the trial court committed reversible error in considering the Welfare reports. Cause reversed and remanded for a new trial.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 344 N.E.2d 872.