469 N.E.2d 1225 (1984)
In re the VISITATION OF Amy Lynn MENZIE.
Kenneth Menzie and Linda Menzie, Appellants (Respondents below),
v.
Lola Bailey, Appellee (Petitioner below).
No. 3-284A44.
Court of Appeals of Indiana, Third District.
October 31, 1984.
*1226 Jere L. Humphrey, Mark E. Wagner, Kizer, Neu, Joyce, Wuland, Humphrey, Wagner & Gifford, Plymouth, for appellants.
R. Steven Hearn, Rasor, Harris, Lemon & Reed, Warsaw, for appellee.
HOFFMAN, Judge.
The facts relevant to this appeal are as follows. Appellant Kenneth Menzie was married to Barbara Menzie, and a daughter, Amy, was born to them. Barbara Menzie died on February 5, 1975. On October 14, 1978, Kenneth was married to Linda Menzie.
On May 5, 1982, Lola Bailey, the maternal grandmother of Amy, filed a petition seeking visitation under the Indiana Grandparent's Visitation Statute, IND. CODE § 31-1-11.7-2(1). After a hearing on that petition, the trial court, on November 8, 1982, found that it was in the best interests of Amy to visit with her maternal grandmother and visitation was ordered by the court. Shortly thereafter, Linda Menzie petitioned the court for adoption of Amy, and on February 23, 1983, the court granted her petition and entered a decree of adoption.
After the adoption, Kenneth and Linda Menzie filed a petition for modification and/or termination of the visitation order, and Lola Bailey responded by filing a verified information in contempt based upon Kenneth Menzie's failure to follow the order of November 8, 1982. On December 15, 1983, the court entered an order denying the Menzies' petition, ordered visitation to recommence, and found Kenneth Menzie in contempt. The Menzies timely filed their motion to correct errors, which motion was denied, and this appeal followed.
The dispositive issue of this appeal is whether an adoption cuts off previous rights granted under the Grandparent's Visitation Statute.
In 1981, the Indiana Legislature created certain grandparental rights with respect to visitation of grandchildren in the legal custody of only one parent. Acts 1981, P.L. 265, § 1. The portion of the statute which applies here, IND. CODE § 31-1-11.7-2(1) provides: "A child's maternal grandparent may seek visitation rights if: (1) the child's mother is deceased[.]"[1] The facts of the case make clear that due to Barbara Menzie's death in 1975, her mother, Lola Bailey, the appellee herein, was granted rights to seek visitation with Amy under the 1981 Indiana Grandparent's Visitation Statute. Lola Bailey availed herself of the statute and obtained a visitation order.
*1227 The issue here is whether that grandparental right and Lola Bailey's visitation order are pre-empted by the subsequent adoption of Amy by Kenneth's new spouse, Linda. The relevant portions of the adoption statute provide: "After such adoption such adopting ... mother ... shall occupy the same position toward such child that ... she ... would occupy if the natural ... mother... ." IND. CODE § 31-3-1-9.
The statute places the adoptive mother in the position of the child's natural mother. Thus the adoptive mother becomes the natural mother of the child. All legal ties between the adopted child and her biological mother are severed.
This Court has previously stated that: "a decree of adoption severs forever every part of the parent and child relationship; severs the child entirely from its own family tree and engrafts it upon that of another." Matter of Adoption of Thomas, (1982) Ind. App., 431 N.E.2d 506, at 513; Bristow et al. v. Konopka, (1975) 166 Ind. App. 357, at 361, 336 N.E.2d 397, at 400; In re Adoption of Bryant v. Kurtz et al., (1963) 134 Ind. App. 480, at 487-488, 189 N.E.2d 593, at 597. This rule means that upon an adoption, the adoptive parent is the actual parent of the child. There can be no other conclusion.
The Grandparent's Visitation Rights Statute grants the maternal grandparent in this case the right to seek visitation while the grandchild is without her natural mother.[2] The adoption statute specifically places the adoptive mother in the capacity as the child's natural mother.
As a result of a decree of adoption, the adoptive parent, for all purposes, is the natural parent of the child. And the adopted child, for all purposes, is the child of her adoptive mother. In this case, Amy Menzie is now the child of Linda Menzie. Her mother is not deceased. Her mother is Linda Menzie. As a result, the conditions precedent to Lola Bailey's right to seek grandparental visitation no longer exist. Her right to seek grandparental visitation terminated upon Linda Menzie's adoption of Amy Menzie.
Reversed and remanded.
STATON, P.J., and NEAL, P.J. (Participating by Designation), concur.
NOTES
[1] The statute was amended by Acts 1983, P.L. 285, § 1, to read as quoted. The original statute, in effect at the time of Lola Bailey's petition, while not different in substance provided:

"A child's maternal or paternal grandparent may seek visitation rights if: (1) the child's father or mother is deceased[.]"
[2] IND. CODE § 31-1-11.7-2 gives maternal grandparents the right to seek visitation after (1) mother has died, or (2) the mother and father are divorced and father has custody of the child.