**M.R., by Susan H. RATLIFF, as his next friend, Appellant (Plaintiff Below),**

v.

**August MELTZER, Appellee (Defendant Below).**

No. 4–585A133.

Court of Appeals of Indiana, Fourth District.

Jan. 23, 1986.

Rehearing Denied March 26, 1986.

George Krstovich, Merrillville, for appellant.

Robert S. Nesbitt, Risher & Nesbitt, Rensselaer, for appellee.

CONOVER, Judge.

Plaintiff-Appellant, Susan Ratliff (Ratliff) as next friend of M.R., appeals the trial court's grant of summary judgment favoring Defendant-Appellee, August Meltzer (Meltzer) in a paternity action following the "unadoption" of M.R. by Ratliff's former husband, Harold Dieter (Dieter).

We affirm.

ISSUES

Ratliff raises three issues for our review. Restated, the issues are:

1. whether the child could be adopted without the putative father giving his consent,

2. whether the Newton Circuit Court had jurisdiction to render the adoption null and void eight months after granting it, solely upon an agreement between the adopting father and the natural mother, following their divorce, and

3. whether, under the theory of estoppel by judgment or claim preclusion, the putative father's rights and obligations were irretrievably terminated when the adoption decree was entered, thus barring the present suit.

FACTS

M.R. was born out of wedlock to Ratliff on July 2, 1980. Ratliff by deposition testified she had sexual relations with Meltzer, but at no time was his paternity either admitted or legally established. In February, 1981, Meltzer paid Ratliff $5,000. She in turn gave him a receipt for the money. Meltzer never admitted he was M.R.'s father.

On May 18, 1981, Ratliff married Dieter. After the marriage, Ratliff/Dieter asked Meltzer to consent in writing to the termination of his parental rights and also to consent to M.R.'s adoption. Meltzer did not consent to either. On July 2, 1981, pursuant to the filing of an adoption proceeding in the Newton Circuit Court, Dieter legally adopted M.R.

In February, 1982, Ratliff and Dieter were divorced in the Jasper Superior Court. The dissolution decree stated in part:

The parties hereby agree that the adoption of [M.R.] Dieter shall be declared null and void and that the parties will execute any and all documents necessary to set aside the adoption which was granted by the Newton Circuit Court.

On March 8, 1982, the Newton Circuit Court which had granted the adoption eight months earlier, complied with Ratliff and Dieter's agreement. It entered an order which stated:

Comes now Susan Dieter, in person and by her attorney, John T. Casey, and Harold Dieter by his attorney, Stephen Bower. Petition presented as to setting aside adoption per the agreement of the parties is hereby granted and the previous order of this court entered on the 2 day of July, 1981 is hereby set aside and is null and void. Entered this 8 day of March, 1982.

Ratliff then filed this action against Meltzer in the Jasper Circuit Court seeking to establish paternity. Meltzer moved for summary judgment pursuant to Ind.Rules of Procedure, Trial Rule 56(C), claiming (a) no dispute of material fact, and (b) any paternity action against him had been terminated as a matter of law due to M.R.'s adoption. The trial court granted Meltzer's summary judgment motion. Ratliff appeals, claiming the judgment is contrary to law.

DISCUSSION AND DECISION

I. *Summary Judgment*

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1306. The purpose of the summary judgment is to expedite litigation which presents no genuine factual dispute. *Indiana University Hospital v. Carter* (1983), Ind.App., 456 N.E.2d 1051, 1053. A fact is said to be *material* when its existence facilitates the resolution of any of the issues involved. *Dedelow v. Rug Equipment Corp.* (1984), Ind.App., 469 N.E.2d 1206, 1208.

 When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. Although we liberally construe all evidence in favor of the nonmovant and resolve any doubts as to the existence of a genuine issue against the proponent, *Kahf v. Charleston South Apartments* (1984), Ind. App., 461 N.E.2d 723, 729, the party opposing the motion must present adequate factual evidence to controvert the moving party's declaration no factual dispute exists. *Matter of Estate of Belanger* (1982), Ind. App., 433 N.E.2d 39, 42.

## II. *The Adoption of M.R.*

The material issue here is whether Meltzer's potential support obligations were forever terminated when the child was adopted by Dieter.

Ratliff claims summary judgment is not appropriate here because Meltzer's paternity has yet to be established. She claims because the adoption was ruled null and void by the Newton Circuit Court, she should now be able to initiate an action against Meltzer. She further states her claim is warranted because Meltzer did not consent to the adoption. We disagree.

### (a) *Adoption without Putative Father's Consent*

 Looking at Ratliff's claims sequentially, we find the initial adoption of M.R. by Dieter was valid regardless of whether Meltzer gave his consent. Adoption is not a common law process, it is governed solely by statute. *Browder v. Harmeyer* (1983), Ind.App., 453 N.E.2d 301, 307. Under IND. CODE 31-3-1-6(g)(2),[1] Meltzer's consent to the adoption was not necessary because his paternity had not been established in a court proceeding. Because adoption proceedings are ex parte and not adversarial in nature, *In Matter of Adoption of Sheeks* (1976) 168 Ind.App. 591, 344 N.E.2d 872, 872, no formal service of process upon Meltzer was required.

### (b) *Trial Court's Authority to Terminate Adoption*

 Ratliff contends the Newton Circuit Court had the authority to render its prior adoption order null and void, eight months after granting it, solely because she and Dieter reached an agreement to "unadopt" M.R. during their divorce proceedings. We disagree.

IND. CODE 33-1-6-3 states:

All courts shall retain power and control over their judgments for a period of ninety (90) days after the rendering thereof in the same manner and under the same conditions as they have heretofore retained such power and control during the term of court in which the judgments were rendered.

When our system still observed "term of court", the law was well settled: during the term in which the judgment had been rendered, the court had broad powers on its own motion or upon the motion of any party to modify, set aside, or vacate its judgments. *Clouser v. Mock* (1959), 239 Ind. 143, 155 N.E.2d 745, 748. However, it was generally held a case was not *in fieri* after the term of court had expired. After term, there was no longer any authority or

---

1. I.C. 31-3-1-6(g) states:
 (g) Consent to adoption is not required of:
 . . . . .

 (2) the natural father of a child born out of wedlock whose paternity has not been established by a court proceeding; ....

power on the part of the court to change its judgment under common law. *Clouser, supra,* 155 N.E.2d at 749. IC 33–1–6–3 replaces the common law "term of court", limiting such period to 90 days after rendition of the judgment.

Because the 90 day term under IC 33–1–6–3 had expired and because nothing thereafter was filed which would give the court jurisdiction under Ind.Rules of Procedure, Trial Rule 60(B), the adoption decree remained a final judgment.[2] Dieter, the adopting father, remains the parent of the child.

### (c) *Estoppel by Judgment*

The question raised here is whether the 90 day time limit previously discussed, pursuant to IC 33–1–6–3, is applicable to a proceeding where rights and obligations are forever terminated by the very nature of the proceeding.

Indiana cases hold in an adoption proceeding, parental rights are *irretrievably terminated* when the decree of adoption is entered. *Holderness v. Holderness* (1984), Ind.App., 471 N.E.2d 1157, 1159. (emphasis supplied).

In *Matter of Adoption of Thomas* (1982), Ind.App., 431 N.E.2d 506, 613, we stated:

A decree of adoption *severs forever every part of the parent and child relationship;* severs the child entirely from its own family tree and engrafts it upon that of another. For all legal and practical purposes a child is the same as dead to its parents. The parent has lost the right to ever see the child again or to have any real knowledge of its whereabouts. (emphasis supplied).

This rule means when an adoption becomes final the adoptive parent becomes the actual parent of the child. There can be no other conclusion. *In re: Visitation of Menzie* (1984), Ind.App., 469 N.E.2d 1225, 1227.

If Meltzer in fact had been found to be M.R.'s father prior to the adoption's effective date, IC 31–3–1–9[3] would forever have terminated all his legal rights, duties, and obligations regarding the adopted child.

The court's power over decrees of adoption is governed by the same rules of law which govern all other judgments and decrees. A decree of adoption is final. *Risner v. Risner* (1963), 243 Ind. 581, 189 N.E.2d 105, 106. In *Risner, supra,* 189 N.E.2d at 106, Judge Achor stated in footnote 1:

Finality of an adoption decree is necessary so that the established rules of intestate secession and succession may apply with certainty to adopted children. Furthermore, finality of such decrees is desirable in order to prevent the emotional strain which would otherwise be imposed upon both the adoptive child and parents, making it difficult for a normal parent-child relationship to develop.

---

**2.** We find only one exception, given the facts presented, which would extend the 90 day statutory limit for modifying final judgments. Under Ind.Rules of Procedure, Trial Rule 60(B), a court may relieve a party from final judgment if a court on motion finds any of the specific reasons stated in the rule exist. The only section possibly applicable here is T.R. 60(B)(7) which states:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

. . . . .

(7) it is no longer equitable that the judgment should have prospective application.

No T.R. 60(B) motion was filed in the adoption proceeding, nor does Ratliff argue it would not

be equitable to prospectively apply the adoption decree. We therefore do not consider the application of T.R. 60(B) in our disposition.

**3.** IC 31–3–1–9 states:

The natural parents of such adopted person, if living, shall after such adoption be relieved of all legal duties and obligations due from them to such person and shall be divested of all rights with respect to such person: Provided, That when the adoptive parent of a child shall be married to a natural parent of the child the parental relationship of such natural parent will be in no way affected by such adoption. After such adoption such adopting father or mother or both shall occupy the same position toward such child that he, she or they would occupy if the natural father or mother or both, and shall be jointly and severally liable for the maintenance and education of such person.

The need for removing an emotional stress from adoption cases, insofar as possible, was considered by this court in *Rhodes et al. v. Shirley et al.* (1955), 234 Ind. 587, 597, 129 N.E.2d 60, 64, wherein it is stated:

"Few really considerate prospective parents would take a child into their hearts and homes and expose either the child or themselves to the heartache of a child's removal from their homes, after mutual ties of affection had been established, if such removal were possible for no other reason than that the natural parents had changed their minds...."

■ Because Meltzer's obligations to M.R. were determined and terminated by the adoption proceeding, any attempt to establish Meltzer as the adopted child's natural father also is barred under the theory of estoppel by judgment.

■ The branch of res judicata known as "estoppel by judgment" or "claim preclusion" holds the prior adjudication of a cause of action is a bar to future litigation of that claim. *D.L.M. v. V.E.M.* (1982), Ind.App., 438 N.E.2d 1023, 1027; *Illinois Central Gulf R.R. Co. v. Parks* (1979) 181 Ind.App. 141, 390 N.E.2d 1078, 1080. When claim preclusion applies every question which was within the issues and might have been proved will be presumed to have been litigated. No further action between the parties, or their privies, will be permitted as to any of the issues. *Biggs v. Marsh* (1983), Ind.App., 446 N.E.2d 977, 981–982.

Ratliff contends this suit is brought by her as next friend to M.R. Thus, she argues, she is permitted to challenge Meltzer's potential paternity under IC 36–6–6.1–6.[4] We disagree. The issues raised in both actions were to determine the obligations of the putative father.

■ In claim preclusion, the critical question is whether the present claim was within the issue of the first. It has generally been said the test for making this determination is whether identical evidence will support the issues involved in both actions. *Biggs, supra,* 446 N.E.2d at 982. The present claim was within the issue of the first, the initial adoption proceeding, and is therefore barred.

In *T.R. v. A.W. by Pearson* (1984), Ind. App., 470 N.E.2d 95, 97, Judge Hoffman stated:

First, courts favor the final repose of decisions. The purpose of our court system is to resolve disputes. If different parties representing the same interest are allowed to successively relitigate the same facts and issues, final judgment would become an illusive, if not unattainable goal.

Second, courts should promote policies which discourage inconsistent judgments. While relitigation of this case is not certain to produce contrary results, the possibility is not inconceivable.

To allow Ratliff to bring an action against Meltzer after his parental rights and obligations have been statutorily terminated would lead to uncertainty as to when parental obligations of a putative father would ever end.

Because we find no dispute of material fact, summary judgment was correctly granted for Meltzer as a matter of law.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.

---

4. IC 31–6–6.1–6 is a statute of limitations section. Subsection (b) allows the child to bring an action in his own right up to his 20th birthday. Under IC 31–6–6.1–2(a), a person who is otherwise incompetent may file a petition through his guardian ad litem or next friend. Neither statute addresses prior termination of parental rights due to adoption.