Scott *v.* Carothers *et al.*

---

SCOTT *v.* CAROTHERS ET AL.

[No. 2,237. Filed June 1, 1897.]

HUSBAND AND WIFE.—*Burial Expenses of Wife.—Necessaries.*—Suitable burial expenses for a deceased wife are necessaries that should be furnished by surviving husband. *p. 676.*

SAME.—*Abandonment of Wife, When Husband Liable for Necessaries.* —Where a husband by his cruel and inhuman treatment forces his wife to abandon his home, he is legally bound to one who supplies her with necessaries. *p. 677.*

SAME.—*Abandonment.—Liability of Husband for Burial Expenses of Wife.*—Where a husband by his cruel and inhuman treatment has forced his wife to abandon his home, and, while living separate and apart, she dies, the husband will be liable for her suitable burial expenses, although at the time of her death the wife was the owner of separate property more than sufficient to have paid such expenses. *p. 678.*

SAME.— *Necessaries.— Antenuptial Contract.—* An antenuptial contract which is simply directed to the disposition of the separate property of a husband and wife after death, does not exempt the husband from liability for suitable burial expenses upon the death of the wife. *p. 678.*

From the Lawrence Circuit Court. *Affirmed.*

*R. A. Fulk* and *Edwin Corr,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellees.

HENLEY, J.—The appellees were the plaintiffs below, and began this action against appellant to recover for a burial outfit consisting of a casket, robe, slippers, and hose furnished by them to be used at the funeral and interment of appellant's wife. The total value of

VOL. 17—43

all the articles furnished, as specified in the bill of particulars filed with the complaint, was $48.70. To the complaint filed against the husband for the recovery of this amount and interest for the unreasonable delay in paying the same, the appellant (the husband) has answered in three paragraphs. The first a general denial; the second seeks to avoid liability for the debt because, as averred in the answer, at the time of the death of appellant's wife, she was the owner of her own separate property and was living therein, separate and apart from appellant; that appellant had a good home and property both real and personal and was abundantly able to support and maintain his said wife, but that she abandoned him without cause, and at all times from the time she so left her husband until her death she had the privilege of returning to his said home and enjoying the luxuries therein provided; that the goods for which appellees seek to recover were purchased without appellant's knowledge or consent, and that at the time of the death of his said wife, she was solvent and owned property of the value of five hundred dollars; that appellees knew of the separation, and knew that appellant was not living with his wife when the goods were bought, and knew that a complaint for divorce had been filed against him by his said wife.

The third paragraph of answer sets up as a defense to this action an antenuptial contract, in which it was provided, that "It is therefore contracted and agreed by and between the said John Scott and Mary A. Chambers that the survivor of either shall take and hold no interest or part of interest by descent or otherwise in the estate of the deceased, but that the real and personal estate of each shall descend to the heirs the same as it would if they had not been married, except that if the said Mary A. shall survive the said

John Scott she shall receive the sum of one thousand dollars of and from the estate of said John Scott; and further the consideration for said marriage, in the event of a separation between the said John and Mary A. shall occur, that a decree of divorce rendered in favor of either of said parties, the said Mary A. agrees with said John not to claim or insist on any alimony or judgment for alimony against him, or any money consideration whatever, or any of his property of any kind or nature."

The court overruled demurrers addressed to the second and third paragraphs of the answer. Judgment having been rendered in favor of the party presenting the demurrers to these answers, we are not called upon to pass upon their sufficiency as a defense to this claim.

Appellees filed a general denial, and upon the issues thus joined a trial was had by a jury and a special verdict returned by way of answers to interrogatories. Upon motion, judgment was rendered upon the facts so found in favor of the appellees for $51.62. The motion of appellant for judgment upon the special verdict was overruled and excepted to. Appellant moved for a new trial, which was overruled, and thereupon he prayed an appeal to this court.

The assignment of errors filed herein properly presents for argument the rulings of the lower court to which the appellant excepted. The special findings of the jury upon which this judgment rests bring before the court the following material facts: That at the time of the sale of the goods by the appellees, the appellant was the owner of property of the value of ten or fifteen thousand dollars, and was not in debt; that Mary A. Scott, at the time of her death, was the lawful wife of appellant, but was living apart from him, and that she lived apart from him because she

was badly treated by him; that she owned real and personal property of the value of $365.00, and had no means of support except what was earned by her son, a boy of fifteen years; that the said Mary A. Scott, the wife of appellant, died on the 2nd day of August, 1894, less than one year after her marriage with appellant, and that the goods furnished by appellees were all used in burying her, and were charged to appellant at the time they were so purchased; that they were ordered by a neighbor of decedent; that they were such goods as would be used for a person in the situation and station in life occupied by decedent, and that the charges therefor were reasonable; that appellees knew, when they furnished the goods, that appellant and Mary A. Scott were not living together; that the said wife had commenced proceedings in court to obtain a divorce from appellant; that upon demand, appellant had refused to pay appellees' charges, and that there had been a long and unreasonable delay in the payment thereof. A great many other facts are found, which are not material. Upon the facts thus found, we think the lower court correctly rendered judgment in favor of the appellees. The goods furnished were certainly necessaries. Schouler on Domestic Relations, section 199.

The facts found make a case very similar to the case of *Arnold* v. *Brandt*, 16 Ind. App. 169, where the court, speaking by Reinhard, J., said: "The husband owes the wife the duty of supporting and maintaining her, and she may enforce this duty in a proper case by pledging his credit to others who supply her with necessaries. * * * While it is true that the obligation cannot be enforced if the wife has sufficient means of her own, we cannot subscribe to the doctrine invoked by the appellant that if she has any means, how-

ever small, he cannot be rendered liable. In the present case, as we have said, there was evidence to the effect that her own means were inadequate "

It is settled law of this State that a man who forces his wife and children to abandon his home by cruel and inhuman treatment is legally bound to one who supplies his wife with necessaries. The Supreme Court of this State, in the case of *Watkins* v. *DeArmond,* 89 Ind. 533, said: "A man owing a duty to supply his wife with necessaries, and who fails to perform it, cannot escape liability to one who does furnish her the necessaries on the ground that he gave notice that he would not be responsible for them. To permit this would be to put it in the power of bad husbands to deprive their wives of all means of living, for if notice terminated liability a man bad enough to beat his wife would be swift to give it."

. In the case of *Eiler* v. *Crull,* 99 Ind. 375, the Supreme Court said: "He [appellant] abandoned his wife, in said month, without her fault, taking with him all the household furniture and leaving her wholly destitute of money, food, or means of sustenance, and thereafter he furnished her nothing.

"She owned a tract of land of about one acre, with a small house thereon. About one month before said abandonment, she leased said premises, for a period of two years, to the plaintiff, her son by a former marriage, who, by the terms of the contract of letting, was to have the use of said premises for that period, in consideration of certain repairs which he agreed to make thereon, and which he did make.

"At the request of said wife, after she had been so abandoned, the plaintiff took her to said premises, where he resided, and thereafter he maintained her there at his expense, she having no property whatever

except said premises.  The plaintiff knew that she had no other property, and it was agreed between him and her that he would try to get some compensation for her maintenance from the defendant.

"The only question is whether the plaintiff could recover, notwithstanding the wife's ownership of said property, there being no express request or promise on the part of the defendant.

"During the period in which the plaintiff provided necessaries for the abandoned wife, not upon her credit, no means of support accrued or could accrue to her from the real estate owned by her.  For that period the defendant left her wholly without means of support; and having done so without her fault, he was liable to the plaintiff for providing for her necessities, without the defendant's express request or his express promise to pay therefor."  See, also, *Litson* v. *Brown,* 26 Ind. 489.

In the case at bar the jury found that the only property owned by decedent was a cottage house of four rooms and personal property therein, all of the value of $365; that at the time of her death she resided in this house and was wholly dependent upon her little son, who worked in a quarry, for support for herself and two other children.  It was in this situation that appellant's wife died, driven from his house by his cruel treatment.  Appellees furnished the goods to decently bury her and rightfully placed the charge for the same against appellant, her husband.

We do not believe the antenuptial contract in any way affects or changes the appellant's liability herein.  The contract does not seek to exempt appellant from liability for necessaries furnished the wife, but is simply directed to the disposition of their separate property after death.

We have passed upon all the alleged errors dis-

cussed by appellant's counsel. Others, if any, must be deemed to have been waived.

We find no error in the record. The judgment is affirmed with 10 per cent. damages.