RALSTON, AUDITOR, ET AL. *v.* RYAN.

[No. 27,406.   Filed October 8, 1940.]

*Linder & Seet,* of Indianapolis, for appellants.

SHAKE, J.—The appellee assumed office as surveyor of Marion County on January 1, 1939. Section 4 of chapter 21, Acts of 1933, fixes his salary at $2,400 per year, and section 10 of said act further provides: "That if the surveyor is a qualified licensed engineer, the salary of the surveyor shall be one and one-half (1½) times the amount prescribed in this act." (§§ 49-1004 and 49-1010, Burns' 1933, §§ 7534 and 7540, Baldwin's 1934.) The appellee is not a licensed professional engineer under the laws of Indiana, but subsequent to assuming office, to-wit: on February 7, 1939, he was licensed to practice professional engineering by the State of Georgia. He thereafter brought this suit under the Declaratory Judgments Act (§ 3-1102, Burns' 1933, § 439, Baldwin's 1934), asking for a decree to the effect that he is entitled to a salary of $3,600 per year, by virtue of the provision of the statute quoted above. The trial court made a general finding in favor of the appellee, and adjudged that he was a qualified licensed engineer, and by reason thereof entitled to a salary of $300 per month as such county surveyor. The county auditor, board of commissioners, and county council have joined in appealing to this court, assigning that the finding is not sustained by sufficient evidence and that it is contrary to law. The appellee has not seen fit to file a brief in support of the judgment rendered in his favor. We would be justified in treating the appellee's failure to file a brief as a confession of error, but in view of the public inter-

est involved, we have concluded to consider the case on its merits.

The purpose of legislation requiring occupational or professional licenses is to subserve the public good and prevent such occupations or professions from being conducted in a manner injurious to the public welfare. 37 C. J., Licenses, Sec. 5, p. 168. The State of Indiana, by appropriate legislation, has provided for the licensing of professional engineers and has established an administrative board for that purpose. Acts of 1935, ch. 148, § 1, et seq., § 63-1517, Burns' 1933 (Supp.), § 7489-1, Baldwin's Supp. 1936. The words "qualified licensed engineer," as used in the act fixing the salaries of county surveyors, therefore has an established legislative definition.

> "A legislative construction in one act of the meaning of certain words (although not conclusive, for the words may have been used in different senses) is entitled to consideration in construing the same words, in another act." *State, ex rel.*, v. *Grange* (1929), 200 Ind. 506, 509, 165 N. E. 239.

It seems clear that the words "qualified licensed engineer," appearing in the act under consideration, were not used in any other or different sense than in the antecedent act providing for the licensing of those authorized to practice that profession. Any other conclusion would be antagonistic to the objects of the licensing act and would result in unlicensed persons enjoying the emoluments due only those who have successfully met the necessary requirements to engage in that profession in Indiana. Under the evidence, the appellee is not a qualified licensed engineer in the contemplation of the act relating to county surveyors' salary, and the finding of the trial court is contrary to law. Since the facts are not in dispute, a new trial is unnecessary.

Reversed, with directions to enter judgment for the appellants.

NOTE: Reported in 29 N. E. (2d) 202.