MUSCATATUCK STATE SCHOOL ET AL. *v.* DERRINGER.

[No. 30,354. Filed September 30, 1963.]

*Edwin K. Steers*, Attorney General, *Robert W. Mc-Nevin*, Assistant Attorney General, and *Curtis S. Travis*, Deputy Attorney General, for appellants.

PER CURIAM.—Appellee, as an employee of the Muscatatuck State School, was charged with the abuse of an inmate of the school and discharged. He appealed to the Indiana State Personnel Board. Pending this appeal he was charged with assault and battery, based on the alleged abuse of the inmate and, after trial, was found not guilty. Thereafter the Indiana State Personnel Board rendered a decision sustaining the dismissal of the appellee. The appellee thereupon asked for a judicial review in the Jennings Circuit Court. This appeal is taken from that court's reversal of the action of the Personnel Board.

The statute relative to such reviews (Burns' §63-3018) provides that the court shall not try or determine such cause "de novo." The court found that the action

of the Indiana Personnel Board was arbitrary and capricious in its determination for the reason that the appellee had been found not guilty on the assault and battery charge.

It is urged by the appellant that the court erred in concluding that the judgment in the criminal prosecution was conclusive on the Personnel Board's jurisdiction to hear and determine whether any grounds existed for appellee's discharge. In this context, it is pointed out that "abuse of patient," defined in the statute, the basis of appellee's dismissal, does not necessarily coincide with the criminal definition of assault and battery. Burns' §22-4237 (1962 Supp.) reads as follows:

> "Any person who shall abuse, maltreat, or neglect any mentally ill person who is under the care of a psychiatric hospital shall be guilty of a misdemeanor.
>
> . . . . .
>
> "Abuse and maltreatment shall include but not be limited to any rude, insolent or angry touching of a patient."

The record shows there was sufficient evidence to sustain this latter offense, although the appellee may not have been guilty of assault and battery. There is no defense or plea made here of justification, for example, that the acts were disciplinary in character.

The appellee has filed no brief herein. If appellant's brief makes a prima facie case of reversible error, we may reverse the judgment from which the appeal is taken. 2 I. L. E., Appeals, §394; *Burk* v. *Anderson et al. etc.* (1952), 232 Ind. 77, 109 N. E. 2d 407.

We need not go into other points raised on this appeal. A prima facie showing of reversible error has

been made. We are not required to search the record where the appellee is not sufficiently interested to offer us any help by submitting a brief on his side of the case.

The judgment is reversed.

Jackson, J., concurs in result.

NOTE.—Reported in 192 N. E. 2d 735.