## FORTSON *v.* IDEN.

[No. 20,342. Filed March 3, 1966.]

*James E. Keating* and *Robert K. Rodibaugh,* of South Bend, for appellant.

*Alfred D. Iden, pro se.*

WICKENS, J.—This action was commencd by a father to recover from a husband for the cost of the burial of the daughter of plaintiff and wife of defendant.

After a trial before the judge, a judgment for the defendant was entered. Appellee-defendant-husband has filed no brief and did not participate in the argument before this court.

Since this is not a matter of great public interest the failure to file a brief by appellee may be taken as a confession of error. *Public Utilities Co.* v. *McDonald* (1919), 69 Ind. App. 403, 404, 122 N. E. 11; *Ralston* v. *Ryan* (1940), 217 Ind. 482, 483, 29 N. E. 2d 202.

If a prima facie case is made by appellant's brief the judgment may be reversed. *Muscatatuck State School* v. *Derringer* (1963), 244 Ind. 318, 320, 192 N. E. 2d 735.

In the absence of an appellee's brief the statements as to the facts contained in appellant's brief will be treated as accurate and sufficient for a full understanding of the questions presented for decision. *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557, 559, 65 N. E. 753.

The deceased had been ill a long time prior to her death. She and her husband, appellee, had been separated and a divorce complaint by the husband was on file. She had been residing with her parents but died in the hospital. The husband was advised of her death within a half hour afterwards. He did not come to the hospital and made no arrangements for the burial. Some three and a half hours after death the father made the funeral arrangements and agreed to pay therefor. Subsequently the father paid the bills relating to the funeral, and took an assignment, on which this action to recover was predicated.

These circumstances do not make the father an intermedler or volunteer. This court has held that where a neighbor orders the burial expense the one furnishing same may recover from a husband. *Scott* v. *Carothers et al.* (1897), 17 Ind. App. 673, 676, 47 N. E. 389.

It is well established that a husband is liable to provide

burial for his wife in keeping with the station in life of the husband as a common law obligation. *Kirkman, Administrator etc. v. Gallentine* (1960), 131 Ind. App. 150, 158, 169 N. E. 2d 1; *Rocap, Exr., v. Blackwell* (1923), 79 Ind. App. 232, 235, 237, 153 N. E. 515.

All of the elements of a prima facie case are here. The couple was shown to be married, though separated. The husband was employed and earning in excess of $5000 a year. He owned a new automobile and was beneficiary on a $1000 insurance policy on the life of his wife. It was shown the wife had no estate. The burial expense provided by the father was $687 which would appear to be in keeping with the husband's financial condition and station in life.

None of the conditions which caused this court to relieve a husband of his obligation in the *Kirkman* case are present here. There, because the husband was a pauper this court observed that his obligation to bury his wife would be to merely provide a pauper burial. Also the husband was excused from his obligation in that case by a family agreement.

Therefore the failure of appellee to brief is treated as a confession of error. The cause is reversed and the trial court instructed to enter judgment for appellant on the first paragraph of the complaint.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 214 N. E. 2d 399.