STATE of Indiana, Appellant
(Plaintiff Below),

v.

William F. TURNER, Jr., Appellee
(Defendant Below).

No. 82S01–9103–CR–161.

Supreme Court of Indiana.

March 6, 1991.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Robert J. Hill, Jr., Bowman, Emery & Hill, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

This case comes to us on a Petition to Transfer from the Indiana Court of Appeals. Petitioner Turner (Appellee–Defendant Below) requests that we accept transfer in order to vacate the opinion of the Court of Appeals below and reinstate the judgment of the Vanderburgh Superior Court dismissing the criminal charge against Turner, to-wit: violating Ind.Code § 35–47–2–1, by carrying a handgun without a license. Because we believe that an ambiguity exists within the statute as to whether or not Mr. Turner, at the time of the alleged violation, was an employee of an express company engaged in company business and, therefore, excepted from the proscription of carrying a handgun without a license, we grant transfer.

The record in this case indicates that Turner, a truck driver for Yellow Freight Systems, was arrested while driving through Vanderburgh County on a trip from Chicago, Illinois, to Nashville, Tennessee, while hauling merchandise and other materials, and charged with carrying a handgun without a license. Turner moved to dismiss on the ground that he was a employee of an express company engaged in company business at the time and, therefore, was excepted from the licensing requirement pursuant to Ind.Code § 35–47–2–2(9). After conducting an evidentiary hearing on the motion, the trial court agreed with Turner and ordered the cause dismissed. The State of Indiana appealed from the order dismissing the cause and the Court of Appeals, in a written opinion, *State of Indiana v. Turner* (1989), Ind.App., 546 N.E.2d 1234, reversed the trial court and remanded the cause for trial.

The sole issue presented to us is whether the trial court erred in dismissing the information on the ground that Turner, at the time of the alleged offense, was an employee of an express company engaged in company business and, therefore, exempt from the permit requirement.

This Court has consistently held that penal statutes are to be strictly construed against the State and that ambiguities found therein are to be resolved in favor of the accused. *Bond v. State* (1987), Ind., 515 N.E.2d 856, 857–58; *Pennington v.*

*State* (1981), Ind., 426 N.E.2d 408, 410. Therefore, the issue becomes whether the term "express company" is ambiguous. As the Court of Appeals correctly stated, there is no definition provided in Ind.Code § 35–47–2–2. The trial court apparently adopted Turner's argument that Ind.Code § 8–2–11–1 (*repealed by* P.L. 72–1988, Sec. 10. effective date March 1, 1990), originally enacted to regulate transportation in 1879, sufficiently defined "express company" so as to conclude that Turner was an employee of an express company at the time of his arrest. The Court of Appeals disagreed and, in an excellent analysis of the term "express company," determined that Turner's employer, Yellow Freight System, was a carrier of common freight and that, as such, was *not* an express company. Notwithstanding this analysis, however, we now find that the term "express company" was ambiguous at the time of Turner's arrest. That ambiguity must be construed against the State.

Nowhere in the statutes at the time of Turner's arrest was the term "express company" explicitly defined. On July 1, 1989, the Indiana General Assembly first, in codified form, defined "express company" as "a copartnership, corporation, association or joint-stock company that for compensation regularly engages in the business of carrying or transporting gold or silver coin or paper currency, over or upon any of the railroads, rivers, canals or other thoroughfares in Indiana, to any point in Indiana, or from any point in Indiana." Ind.Code § 8–2.1–21–1. Therefore, since July 1, 1989, the ambiguity has been resolved by the Legislature's definition of "express company." *See, Ralston v. Ryan* (1940), 217 Ind. 482, 484, 29 N.E.2d 202, 203, for the proposition that a legislative definition of certain words in one statute, although not conclusive, is entitled to consideration in construing the same words in another statute. Prior to July 1, 1989, however, an ambiguity existed as to whether or not a common carrier was an express company within the meaning of the handgun licensing statute. Turner's arrest occured prior to July 1, 1989. Accordingly,

the ambiguity must be resolved in his favor.

For that reason, we now grant transfer, vacate the opinion of the Court of Appeals and affirm the trial court's dismissal of the cause against Turner.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., dissents without opinion.