**In the Matter of the GUARDIANSHIP OF John J. HALL, an incapacitated person.**

**Jon J. HALL and Trudy Lynn Scott, Appellants–Respondents,**

v.

**Helen M. HALL, Appellee–Petitioner.**

No. 50A05–9703–CV–119.

Court of Appeals of Indiana.

May 15, 1998.

Rehearing Denied July 7, 1998.

Jere L. Humphrey, Kizer & Neu, Plymouth, for Appellants–Respondents.

T. Edward Ummel, Easterday & Ummel, Plymouth, for Appellee–Petitioner.

**OPINION**

RUCKER, Judge.

Appellants/Respondents Jon J. Hall and Trudy Lynn Scott as Co–Guardians of the Person and Estate of John J. Hall (collective-

---

ly referred to as "Guardians") appeal the judgment of the trial court which distributed a portion of the ward's assets to the ward's wife, Appellee/Petitioner Helen Hall.[1] Guardians raise two issues for our review which we consolidate and rephrase as whether the trial court abused its discretion in ordering the distribution.

Eighty one year old John J. Hall (John) is confined to a nursing home having suffered dementia as the result of a stroke. Jon J. Hall and Trudy Lynn Scott are John's natural son and daughter respectively. After a hotly contested guardianship proceeding, the trial court determined that John was incapacitated and appointed Jon and Trudy as Co-Guardians of their father's person and estate. The appointment was made over the objection of Helen, John's wife of three years. Shortly thereafter Helen filed a pleading with the trial court entitled "Petition for Equitable Division of Marital Assets and Income." R. at 24. The record shows that the value of the guardianship estate totaled $176,705.45, of which $73,930.45 was held in bank accounts and cash. The guardianship also included monthly income in the amount of $1,789.00. The record also shows that the assets belonging solely to Helen and held outside of the guardianship estate were valued at $7,055.52, of which $955.52 was held in bank accounts and cash. Helen's monthly income totaled $638.50. After conducting an evidentiary hearing the trial court entered an order distributing to Helen from the guardianship assets the amount of $10,000.00 along with a monthly stipend of $289.00. This appeal followed. Additional facts are set forth below where relevant.

In her petition before the trial court Helen sought a distribution of marital assets pursuant to provisions of 42 U.S.C. § 1396. Guardians contend the trial court erred in granting the petition because the provision regulates the relationship between the state and federal government and does not establish a private right of action by one spouse against another. Apparently conceding Guardians' latter point Helen now contends she "never claimed . . . that 42 U.S.C. § 1396 et seq. granted her a private cause of action

against the guardianship of John Hall." *Brief of Appellee* at 2. Rather, Helen asserts, evidence concerning the provision "was presented as an example of a manner of providing for a dependant spouse to aid the Court in its decision process." *Id.* Helen's argument is not well taken. In her petition Helen clearly indicated that she was proceeding pursuant to the federal statute. In addition the pre-trial order, which was signed by counsel for both sides and entered by the trial court, specifically dictated that one of Helen's contentions was that "[t]o protect against a total liquidation of the assets of the marriage, it is necessary to equitably divide the assets pursuant to the Spousal Impoverishment Amendments of the Medicare Catastrophic Coverage Act, more specifically identified as 42 U.S.C. § 1396." R. at 28–29. Helen's present claim that the federal statute was mentioned only as a guide to the trial court is simply not supported by the record.

In any event Guardians still cannot prevail. Neither party to this action requested specific findings and conclusions thereon pursuant to Ind.Trial Rule 52(A). Nor did the trial court enter such findings and conclusions *sua sponte.* Thus, the trial court's judgment is a general one which we will affirm on any theory supported by the evidence adduced at trial. *DeKalb Chiropractic Center, Inc. v. Bio–Testing Innovation, Inc.,* 678 N.E.2d 412, 414 (Ind.Ct.App.1997), *reh'g denied.* In so doing we neither reweigh evidence nor judge witness credibility. *Id.* Here, the evidence presented at trial supports the trial court's judgment based on the "doctrine of necessaries." However, before discussing this matter we make an observation. Although Helen's petition sought a distribution of "marital" assets, we are aware of no authority that invests a court with jurisdiction to distribute marital assets in the contexts of a guardianship proceeding. Indeed if the assets are those of the marriage, then they are a part of the marital pot and no court action is necessary for either husband or wife to dispose of them. Only upon dissolution of the marriage, *see* Ind.Code § 31–15–7–4 and to a more limited extent upon legal separation, *see* Ind.Code § 31–15–

---

1. The parties' Briefs are captioned "In The Matter of John J. Hall (an Incapacitated Person) Appellant/Respondent vs. Helen Hall, Appellee/Petitioner." On its own motion this court has modified the caption to reflect the nature of this appeal as well as the parties actually before this court.

4–8 is the issue of distribution of marital assets a concern of the courts. In any event the title of Helen's petition notwithstanding, the record is clear that the assets at issue in this case are guardianship assets. That is, they were the assets of John only and listed as such in the guardianship inventory. There has been no challenge to the inventory, and we must presume the assets were held outside of the marital estate. Thus, the dispositive issue in this case is whether the trial court had the authority to distribute guardianship assets to the wife of an incapacitated ward.

■ Under the common law doctrine of necessaries a husband was responsible for necessary goods and services furnished to his wife by third parties. The common law developed the doctrine as a mechanism by which the husband's duty to support his wife could be enforced. *Bartrom v. Adjustment Bureau, Inc.,* 618 N.E.2d 1, 3 (Ind.1993) *citing Scott v. Carothers,* 17 Ind.App. 673, 676–77, 47 N.E. 389, 390 (1897). Indiana's current version of the doctrine of necessaries, while still recognizing a duty of support, has modified the earlier common law formulation by, among other things, applying the doctrine on a gender neutral basis. As the court observed in *Bartrom* "[t]he notion that the available resources of one spouse ought to be used to help support the other should the other become necessitous flows from the nature of the marital relationship itself." *Id.* at 5. More specifically the doctrine in this State operates as follows:

> Each spouse is primarily liable for his or her independent debts.... When, however, there is a shortfall between a dependent spouse's necessary expenses and separate funds, the law will impose limited secondary liability upon the financially superior spouse by means of the doctrine of necessaries.

*Bartrom,* 618 N.E.2d at 8. In this case the record shows that Helen is dependant upon her financially superior spouse. Prior to their marriage Helen was gainfully employed and had a separate stream of income. However, after their marriage and apparently at John's insistence, Helen discontinued working. The record reveals that sometime after the marriage John moved into Helen's home and that both before and after marriage, John provided Helen with financial support for her separate and personal expenses. Among other things Helen used the funds to pay for feed for her farm animals, seed, fertilizer, crop insurance, real estate taxes, home improvement expenses, and veterinarian bills. The record is clear that Helen's separate funds are insufficient to meet her expenses.

All findings and orders of the trial court in guardianship proceedings rest within the trial court's discretion. Ind.Code § 29–3–2–4; *In re Guardianship of V.S.D.,* 660 N.E.2d 1064, 1066 (Ind.Ct.App.1996). We review for abuse of discretion and will find such abuse only when the decision of the trial court is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.* In this case, pursuant to the doctrine of necessaries, the trial court properly distributed a portion of John's guardianship estate to Helen. We find no abuse of discretion.

Judgment affirmed.

SHARPNACK, C.J., concurs.

HOFFMAN, J., concurs in part and dissents in part.

HOFFMAN, Judge, concurring and dissenting.

I respectfully dissent.

While I concur with the majority's upholding the trial court's $289 per month distribution to Helen from the guardianship's monthly income, I do call into question the majority's upholding of the additional $10,-000 distribution. Under the modern Indiana necessities doctrine, each spouse is primarily liable for his or her independent debts. *Bartrom,* 618 N.E.2d at 8. However, when there is a shortfall between a dependent spouse's necessary expenses and separate funds, the law imposes limited secondary liability upon the financially superior spouse. *Id.* The liability is limited and secondary in the sense that it is bounded by the financially superior spouse's ability to pay and extended *only to those personal needs and obligations which the debtor spouse cannot satisfy personally. Id.*

As the majority notes, the evidence here discloses that when Helen married John in 1993, she brought to the marriage assets

totaling approximately $7,000. Her monthly income, consisting of social security income and interest from a pension fund, totaled $638. The testimony of the proceedings established that Helen needed more than $638 per month to meet monthly expenses. However, no evidence was presented establishing Helen's need for the additional $10,000. As Indiana's doctrine of necessities dictates that money from the financially superior spouse should be awarded only to cover those needs which the debtor spouse cannot satisfy personally, I would remand for either a statement of reasons justifying the $10,000 award or a vacation of the award altogether.