

**FILED**

Jan 24 2019, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jon A. Keyes
Allen Wellman McNew Harvey, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert E. Dunham, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 24, 2019 <br><br> Court of Appeals Case No. 18A-IF-1442 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable David L. McCord, Judge <br><br> Trial Court Cause No. 33C03-1803-IF-868 |

**Shepard, Senior Judge.**

[1] The General Assembly has established a weight limit for heavy equipment on highways, but there is an exception for farm drainage machinery. Robert E. Dunham appeals the trial court's determination that he violated the weight

limit, a Class C infraction,[1] claiming his equipment fell under the exception. We reverse.

# Issue

Dunham raises three issues, which we restate as: whether the court erred in determining he was guilty of a Class C infraction.

# Facts and Procedural History

The facts are not in dispute. Robert Dunham worked for Drainage Construction Unlimited, Inc. (DCU), a company specializing in farm drainage work. The Henry County Drainage Board hired DCU to install drain tiles at a farm near the intersection of Interstate 70 and Indiana Highway 3.

On February 26, 2018, Dunham installed drain tiles on the farm using an excavator. When he was finished, Dunham put the excavator on a trailer and towed the trailer away from the farm by truck.

On the way back to DCU's office, Dunham was pulled over by Indiana State Trooper Todd Wallace. Dunham told Wallace he had been doing excavation work for the county. Wallace asked Indiana State Trooper Brandon Steffey to weigh the truck, trailer, and excavator. This was accomplished, and Steffey

---

[1] Ind. Code § 9-20-18-12 (2016).

determined the truck, trailer, and excavator collectively weighed 85,300 pounds, in violation of the statutory limit of 80,000 pounds.

[6] Steffey issued a citation to Dunham for exceeding the weight limit. Appellant's App. Vol. 2, p. 6. Dunham contested the ticket, and the trial court held a bench trial on May 11, 2018. The court determined Dunham was guilty of a Class C infraction and imposed a fine of $35.50, plus $135.50 in court costs.

# Discussion and Decision

[7] Dunham argues the trial court erred in determining he had violated the weight limit for heavy equipment on state highways. The parties agree this appeal presents a question of law, which we review de novo with no deference to the trial court's decision. *Seel v. State*, 739 N.E.2d 170 (Ind. Ct. App. 2000).

[8] Indiana Code section 9-20-4-1 (2016) states a person may not operate a vehicle or combination of vehicles upon a highway if the "overall gross weight" of the vehicle or vehicles exceeds "eighty thousand (80,000) pounds." A person may not operate "or move upon a highway" a vehicle or combination of vehicles exceeding the weight limit. Ind. Code § 9-20-1-1 (2016). Violation of the weight limit is a Class C infraction. Ind. Code § 9-20-18-12. Dunham does not deny that DCU's truck, trailer, and excavator were subject to these statutes, and he concedes that the truck, trailer, and excavator collectively exceeded the statutory weight limit.

Dunham instead claims the equipment was subject to a statutory exception to the weight limit. The limit set forth in Indiana Code section 9-20-4-1 does not apply to the following:

> (1) Machinery or equipment used in highway construction or maintenance by the Indiana department of transportation, counties, or municipalities.
>
> (2) Implements of agriculture when used during farming operations or when constructed so that the implements can be moved without material damage to the highways.
>
> (3) Farm drainage machinery.

Ind. Code § 9-20-2-2(b) (2007).

This appeal thus hinges on the term "farm drainage machinery," which is not defined in Title 9, Article 20. Dunham argues in part that the term is ambiguous, and the truck, trailer, and excavator are covered by the exception. The State responds that the exception does not apply because Dunham was not using the equipment for farm drainage work at the precise moment when the state trooper stopped him.

The parties have not directed us to any cases interpreting section 9-20-2-2, but we may rely on well-established principles of statutory construction. If the language of a statute is unambiguous, we simply give the language its plain, ordinary, and usual meanings. *Dobeski v. State*, 64 N.E.3d 1257 (Ind. Ct. App. 2016). A statute is ambiguous when it allows more than one reasonable

interpretation. *Day v. State*, 57 N.E.3d 809 (Ind. 2016). If a statute is ambiguous, we resort to the rules of statutory construction to fulfill the legislature's intent. *Id.* Penal statutes are to be strictly construed against the State and ambiguities are to be resolved in favor of the accused. *State v. Turner*, 567 N.E.2d 783 (Ind. 1991). A monetary judgment entered upon a finding of a violation of an infraction is the functional equivalent of a penal fine. *Horne v. State*, 572 N.E.2d 1333 (Ind. Ct. App. 1991), *trans. denied*.

[12] The "farm drainage machinery" exception is not limited by its plain language to machinery that is actively being used to do drainage work. By contrast, the General Assembly set forth specific limitations on the other two exceptions listed in section 9-20-2-2(b). Machinery or equipment used in highway construction or maintenance is exempt only if owned by government entities. Implements of agriculture are exempt only if they are used during farming operations or when they are constructed so that the implements can be moved without material damage to the highways. Generally, when the legislature uses particular language in one section of a statute but omits it in another section, we presume that it is intentional. *In re J.B.*, 61 N.E.3d 308 (Ind. Ct. App. 2016), *on reh'g*.

[13] The farm drainage machinery exception may be reasonably read to apply to Dunham's equipment. We conclude Indiana Code section 9-20-2-2(b)(3) is ambiguous as applied to the facts of this case. Under the rule of lenity, the ambiguity is construed against the State, and Dunham was entitled to prevail. *See Turner*, 567 N.E.2d at 784 (reversing truck driver's conviction for carrying a

handgun without a license; the term "express company" as set forth in an exception to the licensing requirement was ambiguous and construed against State).

The State claims that under Dunham's interpretation, the farm drainage equipment exception could apply to any equipment being hauled on state highways that could conceivably be used in farm drainage work, thereby frustrating Indiana Code section 9-20-4-1's purpose of preventing wear and tear to roads. We share the State's concern, and our holding is limited to the facts before us: the equipment in question had just been used to perform farm drainage work, and Dunham was transporting it directly to the office after finishing the work. We express no opinion as to how the ambiguity in the statutory exception would apply to different facts, except to note that the burden of proof and persuasion generally falls on the litigant claiming the benefit of an exemption.

## Conclusion

We reverse the judgment of the trial court.

Reversed.

May, J., and Bradford, J., concur.