

FILED

Apr 28 2023, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kirk S. Freeman
Law Office of Kirk Freeman
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Caroline G. Templeton
Catherine E. Brizzi
Deputy Attorneys General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan C. Falletti,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 28, 2023<br><br>Court of Appeals Case No.<br>22A-IF-1066<br><br>Appeal from the Warren Circuit<br>Court<br><br>The Honorable Hunter Reece,<br>Judge<br><br>Trial Court Cause No.<br>86C01-2111-IF-743 |

**Opinion by Judge Robb**
Judges Weissmann and Kenworthy concur.

**Robb, Judge.**

# Case Summary and Issue

[1] Indiana Code section 36-8-12-11(a) allows members of a volunteer fire department to "display [illuminated] blue lights on their privately owned vehicles while en route to scenes of emergencies or to the fire station in the line of duty[,]" subject to certain conditions on the type and placement of the lights. A person who is not a member of a volunteer fire department "may not display an illuminated blue light on a vehicle." Ind. Code § 36-8-12-11(c). To do so is a Class C infraction. Ind. Code § 36-8-12-11(e).

[2] Bryan Falletti was cited for displaying illuminated blue lights from the rear window of his vehicle. Following a bench trial at which Falletti admitted he is not a member of a volunteer fire department, the trial court found he was in violation of section 36-8-12-11(c). Falletti appeals the trial court's entry of judgment against him for the Class C infraction, arguing the trial court incorrectly interpreted the statute. Concluding the statute prohibits the lights displayed by Falletti, we affirm the judgment of the trial court.

# Facts and Procedural History[1]

---

[1] We held oral argument on March 10, 2023, at Swan Lake Resort in Plymouth, Indiana, during the annual Women's Bench Bar Retreat. We commend counsel for their advocacy, and we thank Swan Lake Resort, the Indiana State Bar Association, and the Women in Law Committee for hosting the event. We also extend our appreciation to the attendees for their attention and the insightful questions posed to the panel and counsel after the argument.

[3] Indiana State Police Trooper Jonathan Fulfur was driving on U.S. 136 in Warren County after dark when he encountered Falletti's vehicle as it came up a ramp toward U.S. 136. Trooper Fulfur saw "a blue light emitting from the vehicle." Transcript, Volume 2 at 4. Trooper Fulfur then positioned himself behind Falletti's vehicle and "observed two (2) blue lights in the rear window that were facing outward. One on each side across the top of the back window." *Id.* at 5. On cross-examination, Trooper Fulfur elaborated on what he saw:

> Q    These lights, they were on the interior of the window?
> A    Yes sir.
> Q    In the interior of the back window?
> A    Yes, they were across the top of the back window.
> Q    Pointing inside?
> A    Pointing outward.

*Id.* at 10.[2] Trooper Fulfur initiated a traffic stop and gave Falletti a citation for having blue lights on a private vehicle.[3] *See* Amended Appellant's Appendix, Volume 2 at 8.

[4] The trial court held a bench trial on February 24, 2022. Falletti acknowledged he was not a volunteer member of any fire department when Trooper Fulfur

---

[2] The evidence includes a DVD with both dashcam and bodycam video. The dashcam video shows two steadily illuminated, bar-shaped blue lights at the top of the rear window of the vehicle, one on each side of where a brake light would be.

[3] Trooper Fulfur also issued Falletti a citation for operating a vehicle without a license in his possession, *see* Ind. Code § 9-24-13-3, and the trial court found he had committed the infraction, *see* Ind. Code § 9-24-13-5 (stating a violation of the chapter is a Class C infraction). Falletti does not challenge that finding on appeal.

stopped him. *See* Tr., Vol. 2 at 12. At the conclusion of the trial, Falletti argued:

> I urge you to look at . . . what the statute says. It applies to volunteer fire fighters and it says, look, you can have these lights, but this is how the light has to be. . . . Then it goes on and it says, a person who is not a member of a volunteer fire department may not display an illuminate[d] blue light on a vehicle. Number 1) These lights weren't *on* a vehicle, they were *in* the vehicle, ok. That statute, there is no possible way this can apply to any blue light in a vehicle. It first of all has to be *on* it and I think the Court can take judicial notice that almost half the cars on the road display a blue light in the vehicle on the radio, on the numbers. So that cannot be what this statute is designed to address. . . . This statute is absolutely clear. . . . If you are not a volunteer fireman, you can't put one of those blue lights *on the outside of your car* ok, and drive around with it. In that instance I do agree with the State and that makes good sense. You shouldn't be allowed to do that if you are not a volunteer fireman because it would confuse the public, but that is not at all what we are talking about here.
>
> * * *
>
> So we start with that premise, ok, if you are a volunteer fire department [member], you can display a blue light. The light, which is then defined in a 1 and 2, 3 and 4, this is the type of . . . blue light you can display as a volunteer fireman, ok. Then it goes on to say, any person who is not a member of a volunteer fire department may not display *that* illuminated blue light on a vehicle, ok. This is not one of those types of lights.

*Id.* at 15-17 (emphases added).

The trial court took the matter under advisement and later issued a written order entering judgment and a fine against Falletti for the Class C infraction. In pertinent part, the judgment reads:

> [T]he Court finds that the strict interpretation of the statute by [Falletti] is not reasonable and contrary to legislative intent. Statutes which regulate emergency lights on emergency vehicles, implicitly intend to prevent non-emergency vehicles from utilizing those lights. Here, the statute refers to a light "on" the vehicle and does not limit it to being affixed on the interior or exterior. The statute in [subs]ection (a)(2) uses terms like "top" and "inside", so it is reasonable to infer that the legislature could have used those terms here, if they meant to be so limiting, but they did not. The legislature used the general term "on the vehicle."

Appealed Order at 2. Falletti filed a motion to correct error, which the trial court denied. Falletti now appeals the judgment against him.

# Discussion and Decision

## I. Display of Blue Lights on a Vehicle

The statute at issue states:

> (a) Members of volunteer fire departments may display blue lights on their privately owned vehicles while en route to scenes of emergencies or to the fire station in the line of duty subject to the following conditions:
>
> > (1) A light:

(A) must have a light source of at least thirty-five (35) watts; or

(B) may be a blue light emitting diode (LED).

(2) All lights must be placed on the:

(A) top of the vehicle;

(B) dashboard inside a vehicle, shielded to prevent distracting the driver; or

(C) front of the vehicle upon the bumper or at bumper level.

(3) No more than four (4) blue light assemblies may be displayed on one (1) vehicle, and each blue light assembly must be of the flashing or revolving type.

(4) A blue light assembly may contain multiple bulbs.

(5) A blue light may not be a part of the regular head lamps displayed on the vehicles. Alternately flashing head lamps may be used as a supplemental warning device. Strobe lights or flashers may be installed into the light fixtures on the vehicle other than the alternating head lamps. The strobe lights or flashers may be either white or blue, with the exception of red to the rear.

* * *

(c) A person who is not a member of a volunteer fire department may not display an illuminated blue light on a vehicle.

> \* \* \*
>
> (e) A person who violates subsection (a) [or] (c) . . . commits a
> Class C infraction. . . .

Ind. Code § 36-8-12-11 (2016).

[7] Falletti contends the trial court erred in determining he violated subsection (c) of this statute upon finding the statutory language is clear he could not display "two rear fac[ing] emergency style" illuminated blue lights whether "affixed on the interior or exterior" of the car. Appealed Order at 2. Falletti argues the phrase "on a vehicle" in subsection (c) is ambiguous and the rule of lenity should apply such that the phrase is interpreted in his favor to mean "on *the exterior of* a vehicle." *See* Brief of Appellant at 8. He also argues subsection (a) of the statute is a specific grant of authority to volunteer firefighters to display blue lights as described in that subsection whereas subsection (c) is a general prohibition on non-volunteer firefighters usurping that specific authority. In other words, Falletti contends subsection (c) only prohibits the general public from displaying blue lights of the type and in the locations described in subsection (a).

[8] No case has interpreted this statute,[4] so we write on a clean slate.

---

[4] Section 36-8-12-11 has been cited in one case, *State v. Howell*, 782 N.E.2d 1066 (Ind. Ct. App. 2003). There, police initiated a traffic stop based on the belief a blue neon light encircling the vehicle's license plate was an infraction under the statute. The defendant refused to stop and was charged with multiple crimes, including

## II.   Statutory Interpretation

[9]     The parties agree this appeal turns on the interpretation of section 36-8-12-11, a question of law that we review de novo.  *Fix v. State*, 186 N.E.3d 1134, 1138 (Ind. 2022).

[10]    We interpret statutes with the primary goal of determining and fulfilling the legislature's intent. *See Mi.D. v. State*, 57 N.E.3d 809, 812 (Ind. 2016).  The best evidence of legislative intent is the language of the statute itself.  *Lake Cnty. Bd. of Comm'rs v. State*, 181 N.E.3d 960, 968 (Ind. 2022).  We presume the legislature intended the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals.  *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010).  "The legislative intent as ascertained from the provision as a whole prevails over the strict literal meaning of any word or term."  *Kitchell v. Franklin*, 997 N.E.2d 1020, 1026 (Ind. 2013) (quoting *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003)).  When the language of a statute is clear and unambiguous, we do not apply any rules of statutory construction and simply apply the plain and ordinary meaning of the language. *See Study v. State*, 24 N.E.3d 947, 952 (Ind. 2015), *cert. denied*, 577 U.S. 962 (2015).

---

the Class C infraction of illegally displaying a blue light.  The trial court granted the defendant's motion to dismiss the charges against him, concluding the stop was improper because section 36-8-12-11 is not geared toward the particular light display at issue.  *Id.* at 1067.  On appeal, a panel of this court reversed the trial court but did not address the legality of the light display, instead holding that "regardless of whether the initial stop . . . was justified," the defendant improperly resisted arrest.  *Id*. at 1067-68.

Here, the language of section 36-8-12-11 as a whole clearly and unambiguously expresses the legislature's intent that members of volunteer fire departments are authorized to display illuminated blue lights on their vehicles to alert the public they are on the way to a fire emergency or other official business. The operative term in subsection (a) is "display" because that is the action the statute allows (or disallows) to implement the underlying policy of differentiating vehicles belonging to this class of persons.[5] To "display" means "to put (something) where people can see it," The Britannica Dictionary, https://www.britannica.com/dictionary/display (last visited April 17, 2023) [https://perma.cc/2WDC-TXM7], or "to put or spread before the view" or "to make evident," Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/display (last visited April 17, 2023) [https://perma.cc/MH7L-HGNZ]. The logical corollary, expressed in subsection (c), is that no other motorists are authorized to display illuminated blue lights visible to the public.[6] "On," the word Falletti focuses on in the phrase "may not display . . . on a vehicle," simply defines the parameters for "display." Applying the plain and ordinary meaning of the language in section

---

[5] Other statutes govern display of colored lights besides blue. *See*, *e.g.*, Ind. Code § 9-19-14.5-1 (authorizing display of flashing or revolving green lights by an emergency medical responder "on the top of" a privately owned vehicle while traveling in the line of duty); Ind. Code § 9-19-14.5-2 (making display of flashing or revolving green lights except as provided in section 1 a Class C infraction).

[6] Although not specifically advanced as an argument on appeal, Falletti's trial counsel argued the statute could not be interpreted in this way because of the prevalence of blue dashboard lights. As the trial court noted in its order and as we have stated here, the statute is intended to prohibit non-authorized persons from displaying blue lights in places where they "are clearly visible to passing motorists." Appealed Order at 2. Moreover, subsection (a) includes a *minimum* wattage for lights displayed by volunteer firefighters. Ind. Code § 36-8-12-11(a)(1). That language was included for a reason.

36-8-12-11 in a manner consistent with the policy and goals of the statute, volunteer firefighters may display blue lights in limited places on their vehicles visible to the public, but non-volunteer firefighters may not display blue lights visible to the public at all.

[12]     Although this conclusion is based on the plain and ordinary meaning of the statute, even if there were conflicting reasonable interpretations, applying the canons of statutory construction would lead us to the same outcome.

[13]     Falletti's desired interpretation focuses on a single phrase in subsection (c): a non-volunteer firefighter is prohibited from displaying an illuminated blue light "*on a vehicle*." Falletti argues "on" has "many meanings" and "in this context must be confined to [mean] the exterior of the vehicle." Br. of Appellant at 8.[7] But we "may not add new words to a statute which are not the expressed intent of the legislature." *Ind. Alcohol and Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 376 (Ind. 2017). Further, "it is a normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Miller v. Patel*, 174 N.E.3d 1061, 1065 n.1 (Ind. 2021) (quoting *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 571 (2012)).

---

[7] Falletti contended at oral argument it is the legislature's obligation to craft statutes that are readable and comprehensible to a reader of average intelligence and argued this statute is confusing as written. He conceded, however, that he did not tell the officer or the court that he thought he could display the lights.

[14]     If we accepted Falletti's contention that the phrase "on a vehicle" in subsection (c) is ambiguous and must be construed against the State to prohibit the display of blue lights only "on the exterior of a vehicle" driven by a non-volunteer firefighter, then the same construction should apply to that phrase wherever it appears in the statute. Subsection (a) states members of volunteer fire departments may display illuminated blue lights "on their . . . vehicles" at appropriate times and specifically allows volunteer firefighters to display blue lights both on the exterior *and* interior of their vehicles. *See* Ind. Code § 36-8-12-11(a)(2) (specifying that lights must be placed on top of the vehicle, on the dashboard *inside the vehicle*, or on the front bumper). Thus, the expressed intent of the legislature is that to display "on a vehicle" as used in section 36-8-12-11 does *not* mean to display on the exterior of the vehicle only. To interpret the statute otherwise would cause it to be internally inconsistent.

[15]     We also conclude the interpretations urged by Falletti would produce absurd results. *See Walczak v. Lab. Works Ft. Wayne LLC*, 983 N.E.2d 1146, 1154 (Ind. 2013) (stating we avoid construing a statute "so as to create an absurd result"). The purpose of the statute is to grant volunteer firefighters the authority to display blue lights on their private vehicles, singling them out for this privilege. The fact the statute restricts the type and placement of blue lights on a volunteer firefighter's vehicle does not leave the field open for vehicles belonging to non-volunteer firefighters to display other types of lights in other places as Falletti urges. To interpret the statute in such a way would give non-volunteer firefighters more leeway in displaying blue lights than the group the statute was

intended to benefit and would be at odds with the statute's purpose of distinguishing volunteer firefighters from the rest of the motoring public.

[16] Finally, although we apply the rule of lenity in criminal cases and construe an ambiguous penal statute[8] against the State, we are not required to construe a statute so narrowly that we exclude cases the statute fairly covers. *Fix*, 186 N.E.3d at 1139. The facts of this case—the display of blue lights visible to other motorists on a non-volunteer firefighter's private vehicle—are fairly covered by the statute. Moreover, the rule of lenity applies only when ambiguity remains after consulting traditional canons of statutory construction. *Shular v. United States*, 140 S. Ct. 779, 787 (2020). Here, we are left with no ambiguity for the rule of lenity to resolve.

[17] The text and context of section 36-8-12-11 allow volunteer firefighters and only volunteer firefighters to display illuminated blue lights. Falletti does not claim to be a volunteer firefighter and he does not contest that the blue lights in question were clearly displayed. He therefore committed a Class C infraction by displaying illuminated blue lights in his rear window.

## Conclusion

---

[8] The rule of lenity applies to this infraction case because a "monetary judgment entered upon a finding of a violation of an infraction is the functional equivalent of a penal fine." *Dunham v. State*, 119 N.E.3d 117, 119 (Ind. Ct. App. 2019).

[18]     The judgment of the trial court that Falletti committed a Class C infraction is affirmed.

[19]     Affirmed.

Weissmann, J., and Kenworthy, J., concur.